# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| BERKSHIRE LIFE INSURANCE COMPANY OF AMERICA, ) ) ) **Plaintiff,** ) ) v. ) ) PAULA A. HABIB, MD, ) ) **Defendant.** ) | Case No. 2:12-cv-648 |

## COMPLAINT FOR RESCISSION AND DECLARATORY JUDGMENT

Plaintiff, Berkshire Life Insurance Company of America ("Berkshire Life"), by and through its attorneys, Ryan Sherman and Porter, Wright, Morris & Arthur LLP, for its Complaint for Rescission and Declaratory Judgment, states as follows:

### THE PARTIES

1. Defendant, Paula A. Habib, MD, is domiciled in and a citizen of the State of Ohio.

2. Plaintiff, Berkshire Life, is and was at all relevant times incorporated in the Commonwealth of Massachusetts, with its principal place of business in Berkshire County, Massachusetts, and not the State of Ohio.

### JURISDICTION AND VENUE

3. This court has jurisdiction over this matter pursuant to 29 U.S.C. § 1332(a)(1) in that diversity of citizenship exists between Berkshire Life and Defendant, and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

4. Venue is proper in the Southern District of Ohio under 28 U.S.C. § 1391(a)(2) in that this civil action is brought in the judicial district in which a substantial part of the events

giving rise to Berkshire Life's claims occurred, and under 28 U.S.C. § 1391(a)(3) in that Berkshire Life was subject to personal jurisdiction in this judicial district at the time this civil action was commenced.

## FACTS

### Policy No. Z1959960

5. Berkshire Life repeats and realleges Paragraph Nos. 1 through 4 as though fully set forth herein.

6. Berkshire Life issued to Defendant, in Columbus, Ohio, the subject disability income insurance policy, Policy No. Z1959960, with Policy Date of August 1, 2010, an Expiration Date of August 1, 2046, and a Disability Income Insurance Monthly Benefit of $10,000 and a Catastrophic Disability Benefit Rider Monthly Benefit of $8,000, pursuant to an Application for Insurance (the "Application"). A true and correct duplicate copy of Policy No. Z1959960, with the Application, is attached hereto and incorporated by reference herein as Exhibit 1.

7. The Application, which Defendant completed when she was domiciled in Columbus, Ohio, consisted of Part I, an Income ProVider Disability Insurance Supplement to the Application for Insurance (the "Supplement"), an Amendment to the Application (the "Amendment"), Part 2 (Non-Medical), and Part 2 (Representations to the Medical Examiner).

8. Defendant signed and submitted Part I on July 7, 2010.

9. Defendant signed and submitted the Supplement on July 7, 2010.

10. Defendant signed and submitted the Amendment on August 17, 2010.

11. Defendant signed and submitted Part 2 (Non-Medical) on July 6, 2010.

12. Defendant signed and submitted Part 2 (Representations to the Medical Examiner) on July 23, 2010.

13. Part I of the Application, which Defendant signed, provides in pertinent part that:

> This Application for Insurance (Part 1), Application for Insurance (Part 2 Non-Medical), any required Representations to the Medical Examinor [sic], and any other supplements or amendments to this Application for Insurance will form the basis for, and become part of and attached to any policy or coverage issued and is herein referred to as the 'Application.' … All of the statements that are part of this Application are correctly recorded, and are complete and true to the best of the knowledge and belief of those persons who made them. … Any misrepresentation or omission, if found to be material, may adversely affect acceptance of the risk, claims payment, or may lead to rescission of any policy that is issued based on this Application. … **Any person who knowingly, and with intent to defraud any insurance company or other person files an application of insurance or statement of claim containing any materially false information or conceals, for the purpose of misleading, information concerning any fact material thereto, commits a fraudulent insurance act, which is a crime, and may also be subject to civil penalties.** (Emphasis in original).

14. Part 2 (Non-Medical) of the Application, which Defendant signed, provides in pertinent part:

> I understand and agree that the statements and answers in this Application for Insurance (Part 2 Non-Medical) are written as made by me; to the best of my knowledge and belief are full, complete and true; and that they shall be a part of the contract of insurance, if issued. **Any person who knowingly, and with intent to defraud any insurance company or other person, files an application of insurance or statement of claim containing any materially false information or conceals, for the purpose of misleading, information concerning any fact material thereto, commits a fraudulent insurance act, which is a crime, and my also be subject to civil penalties.** (Emphasis in original).

15. Part 2 (Representations to the Medical Examiner), which Defendant signed, provides in pertinent part:

3

>I understand and agree that the statements and answers in this Representations to the Medical Examiner are written as made by me; to the best of my knowledge and belief are full, complete and true; and that they shall be a part of the contract of insurance, if issued. **Any person who knowingly, and with intent to defraud any insurance company or other person, files an application of insurance or statement of claim containing any materially false information or conceals, for the purpose of misleading, information concerning any fact material thereto, commits a fraudulent insurance act, which is a crime, and my also be subject to civil penalties.** (Emphasis in original).

16. The Amendment, which Defendant signed, provides in pertinent part:

>It is agreed that these amendments and declarations are to be taken and considered a part of said application and subject to the representations and agreements therein, and that the said application and these amendments are to be taken as a whole and considered as the basis, and form part of the contract or policy issued thereon.

>It is further represented that the statements and answers in said application were complete and true when made and that no changes have occurred which would make said statements and answers incorrect or incomplete as of the present date.

17. In Part 2 (Non-Medical) of the Application, which Defendant signed, Defendant answered "no" to the following question, number 1(j)(x): "In the last 10 years, have you had, been treated for or received a consultation or counseling for: … anxiety, depression, nervousness, stress, mental or nervous disorder, or other emotional disorder?"

18. In Part 2 (Non-Medical) of the Application, which Defendant signed, Defendant answered "no" to the following question, number 1(t): "Other than as previously stated on this application, in the last five years have your received medical advice or counseling from physician, medical or mental health professionals, counselors, psychotherapists, chiropractors, or other practitioners, or have you been a patient in a hospital, clinic, sanatorium, or other medical facility?"

4

19. In Part 2 (Representations to Medical Examiner) of the Application, which Defendant signed, Defendant answered "no" to the following question, number 3(x): "In the last ten years, have you had, been treated for or received a consultation or counseling for: … anxiety, depression, nervousness, stress, mental or nervous disorder, or other emotional disorder?"

20. In Part 2 (Representations to Medical Examiner) of the Application, which Defendant signed, Defendant answered "no" to the following question, number 13: "Other than as previously stated on this Representations [sic], in the last five years have you received medical advice from physicians, medical or mental health professionals, counselors, psychotherapists, or other practitioners, or have you been a patient in a hospital, clinic, sanatorium, or other medical facility?"

21. The answers Defendant provided to question numbers 1(j)(x), 1(t), 3(x), and 13 as set forth in paragraphs 17 through 20 above, and Defendant's attestations in Parts I and 2 as set forth in paragraphs 13 through 16 above, were false.

**Policy No. Z1959970**

22. Berkshire Life repeats and realleges Paragraph Nos. 1 through 4 as though fully set forth herein.

23. Berkshire Life issued to Defendant, in Columbus, Ohio, the subject disability income insurance policy, Policy No. Z1959970, with Policy Date of August 1, 2010, an Expiration Date of August 1, 2046, and a Disability Income Insurance Policy Future Increase Option Rider Monthly Benefit of $500, pursuant to an Application for Insurance (the "Application"). A true and correct duplicate copy of Policy No. Z1959970, with the Application, is attached hereto and incorporated by reference herein as Exhibit 2.

24. The Application, which Defendant completed when she was domiciled in Columbus, Ohio, consisted of Part I, an Individual Disability Insurance Supplement to the Application for Insurance (the "Supplement"), an Amendment to the Application (the "Amendment"), Part 2 (Non-Medical), and Part 2 (Representations to the Medical Examiner).

25. Defendant signed and submitted Part I on July 7, 2010.

26. Defendant signed and submitted the Supplement on July 7, 2010.

27. Defendant signed and submitted the Amendment on August 17, 2010.

28. Defendant signed and submitted Part 2 (Non-Medical) on July 6, 2010.

29. Defendant signed and submitted Part 2 (Representations to the Medical Examiner) on July 23, 2010.

30. Part I of the Application, which Defendant signed, provides in pertinent part that:

> This Application for Insurance (Part 1), Application for Insurance (Part 2 Non-Medical), any required Representations to the Medical Examinor [sic], and any other supplements or amendments to this Application for Insurance will form the basis for, and become part of and attached to any policy or coverage issued and is herein referred to as the 'Application.' … All of the statements that are part of this Application are correctly recorded, and are complete and true to the best of the knowledge and belief of those persons who made them. … Any misrepresentation or omission, if found to be material, may adversely affect acceptance of the risk, claims payment, or may lead to rescission of any policy that is issued based on this Application. … **Any person who knowingly, and with intent to defraud any insurance company or other person files an application of insurance or statement of claim containing any materially false information or conceals, for the purpose of misleading, information concerning any fact material thereto, commits a fraudulent insurance act, which is a crime, and may also be subject to civil penalties.** (Emphasis in original).

31. Part 2 (Non-Medical) of the Application, which Defendant signed, provides in pertinent part:

6

> I understand and agree that the statements and answers in this Application for Insurance (Part 2 Non-Medical) are written as made by me; to the best of my knowledge and belief are full, complete and true; and that they shall be a part of the contract of insurance, if issued. **Any person who knowingly, and with intent to defraud any insurance company or other person, files an application of insurance or statement of claim containing any materially false information or conceals, for the purpose of misleading, information concerning any fact material thereto, commits a fraudulent insurance act, which is a crime, and my also be subject to civil penalties.** (Emphasis in original).

32. Part 2 (Representations to the Medical Examiner), which Defendant signed, provides in pertinent part:

> I understand and agree that the statements and answers in this Representations to the Medical Examiner are written as made by me; to the best of my knowledge and belief are full, complete and true; and that they shall be a part of the contract of insurance, if issued. **Any person who knowingly, and with intent to defraud any insurance company or other person, files an application of insurance or statement of claim containing any materially false information or conceals, for the purpose of misleading, information concerning any fact material thereto, commits a fraudulent insurance act, which is a crime, and my also be subject to civil penalties.** (Emphasis in original).

33. The Amendment, which Defendant signed, provides in pertinent part:

> It is agreed that these amendments and declarations are to be taken and considered a part of said application and subject to the representations and agreements therein, and that the said application and these amendments are to be taken as a whole and considered as the basis, and form part of the contract or policy issued thereon.
>
> It is further represented that the statements and answers in said application were complete and true when made and that no changes have occurred which would make said statements and answers incorrect or incomplete as of the present date.

34. In Part 2 (Non-Medical) of the Application, which Defendant signed, Defendant answered "no" to the following question, number 1(j)(x): "In the last 10 years, have you had,

7

been treated for or received a consultation or counseling for: … anxiety, depression, nervousness, stress, mental or nervous disorder, or other emotional disorder?"

35. In Part 2 (Non-Medical) of the Application, which Defendant signed, Defendant answered "no" to the following question, number 1(t): "Other than as previously stated on this application, in the last five years have your received medical advice or counseling from physician, medical or mental health professionals, counselors, psychotherapists, chiropractors, or other practitioners, or have you been a patient in a hospital, clinic, sanatorium, or other medical facility?"

36. In Part 2 (Representations to Medical Examiner) of the Application, which Defendant signed, Defendant answered "no" to the following question, number 3(x): "In the last ten years, have you had, been treated for or received a consultation or counseling for: … anxiety, depression, nervousness, stress, mental or nervous disorder, or other emotional disorder?"

37. In Part 2 (Representations to Medical Examiner) of the Application, which Defendant signed, Defendant answered "no" to the following question, number 13: "Other than as previously stated on this Representations [sic], in the last five years have you received medical advice from physicians, medical or mental health professionals, counselors, psychotherapists, or other practitioners, or have you been a patient in a hospital, clinic, sanatorium, or other medical facility?"

38. The answers provided to question numbers 1(j)(x), 1(t), 3(x), and 13 as set forth in paragraphs 34 through 37 above, and the attestations in Parts I and 2 as set forth in paragraphs 30 through 33 above, were false.

## **COUNT I – RESCISSION OF POLICY NO. Z1959960**

39. Berkshire Life repeats and realleges Paragraph Nos. 1 through 21 as though fully set forth herein.

40. The false statements in the application for Policy No. Z1959960 as set forth above were willfully false.

41. The false statements in the application for Policy No. Z1959960 as set forth above were fraudulently made.

42. The false statements in the application for Policy No. Z1959960 as set forth above induced Berkshire Life to issue Policy No. Z1959960.

43. The false statements in the application for Policy No. Z1959960 as set forth above materially affected either the acceptance of the risk or the hazard assumed by Berkshire Life, in that had Berkshire Life known the true facts pertaining to Defendant's medical history at the time she applied for Policy No. Z1959960, it would not have issued Policy No. Z1959960, but would have declined the application therefore.

44. But for the false statements in the application for Policy No. Z1959960 as set forth above, Berkshire Life would not have issued Policy No. Z1959960.

45. Policy No. Z1959960 is therefore null and void pursuant to Ohio Rev. Code Ann. § 3923.14 (West 2012).

46. Berkshire Life has tendered to Defendant through her counsel a check for the refund of all premiums paid on the subject disability income policy, Policy No. Z1959960.

**WHEREFORE,** Plaintiff Berkshire Life Insurance Company of America respectfully requests that:

A. This Court enter judgment in rescission in favor of Berkshire Life Insurance

    Company of America by rescinding Policy No. Z1959960, which judgment will set aside, cancel and declare said policy to be null and void;

  B. This Court order that the subject life insurance policy be delivered and surrendered to Berkshire Life Insurance Company of America for cancellation; and

  C. This Court provide such other and further relief as it deems equitable and just.

### COUNT II – DECLARATORY JUDGMENT - POLICY NO. Z1959960

  47. Berkshire Life Insurance Company of America repeats and realleges Paragraphs 1 through 21 as though fully set forth herein.

  48. An actual controversy exists between the parties with respect to the subject disability income insurance policy, Policy No. Z1959960, and pursuant to 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure, this Court has the authority to enter a declaratory judgment as to the rights of the parties concerning Policy No. Z1959960.

  **WHEREFORE**, Plaintiff Berkshire Life Insurance Company of America respectfully requests that:

  A. This Court declare, adjudicate and enter by judgment the rights and legal obligations of the parties to this matter in controversy, in particular regarding the disability income insurance policy issued to Paula A. Habib, MD, Policy No. Z1959960;

  B. This Court declare, adjudicate and enter by judgment that Policy No. Z1959960 is null and void and of no effect, and that Berkshire Life Insurance Company of America has no obligation or liability thereunder other than the refund of premiums paid; and

C. This Court provide such other relief as is deemed equitable and just.

## COUNT III – RESCISSION OF POLICY NO. Z1959970

49. Berkshire Life repeats and realleges Paragraph Nos. 1 through 4 and 22 through 38 as though fully set forth herein.

50. The false statements in the application for Policy No. Z1959970 as set forth above were willfully false.

51. The false statements in the application for Policy No. Z1959970 as set forth above were fraudulently made.

52. The false statements in the application for Policy No. Z1959970 as set forth above induced Berkshire Life to issue Policy No. Z1959970.

53. The false statements in the application for Policy No. Z1959970 as set forth above materially affected either the acceptance of the risk or the hazard assumed by Berkshire Life, in that had Berkshire Life known the true facts pertaining to Defendant's medical history at the time she applied for Policy No. Z1959970, it would not have issued Policy No. Z1959970, but would have declined the application therefore.

54. But for the false statements in the application for Policy No. Z1959970 as set forth above, Berkshire Life would not have issued Policy No. Z1959970.

55. Policy No. Z1959970 is therefore null and void pursuant to Ohio Rev. Code Ann. § 3923.14 (West 2012).

56. Berkshire Life has tendered to Defendant through her counsel a check for the refund of all premiums paid on the subject disability income policy, Policy No. Z1959970.

**WHEREFORE,** Plaintiff Berkshire Life Insurance Company of America respectfully requests that:

    A.      This Court enter judgment in rescission in favor of Berkshire Life Insurance Company of America by rescinding Policy No. Z1959970, which judgment will set aside, cancel and declare said policy to be null and void;

    B.      This Court order that the subject life insurance policy be delivered and surrendered to Berkshire Life Insurance Company of America for cancelation; and

    C.      This Court provide such other and further relief as it deems equitable and just.

## COUNT IV – DECLARATORY JUDGMENT - POLICY NO. Z1959970

57.     Berkshire Life Insurance Company of America repeats and realleges Paragraphs 1 through 4 and 22 through 38 as though fully set forth herein.

58.     An actual controversy exists between the parties with respect to the subject disability income insurance policy, Policy No. Z1959970, and pursuant to 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure, this Court has the authority to enter a declaratory judgment as to the rights of the parties concerning Policy No. Z1959970.

**WHEREFORE**, Plaintiff Berkshire Life Insurance Company of America respectfully requests that:

    A.      This Court declare, adjudicate and enter by judgment the rights and legal obligations of the parties to this matter in controversy, in particular regarding the disability income insurance policy issued to Paula A. Habib, MD, Policy No. Z1959970;

    B.      This Court declare, adjudicate and enter by judgment that Policy No. Z1959970 is null and void and of no effect, and that Berkshire Life Insurance Company of America has no obligation or liability thereunder other than the refund of

premiums paid; and

C.    This Court provide such other relief as is deemed equitable and just.

Respectfully submitted,

/s/ Ryan P. Sherman by
<u>David S. Bloomfield, Jr.</u>
Ryan P. Sherman (0075081)
Trial Attorney
David S. Bloomfield, Jr. (0068158)
Porter, Wright, Morris & Arthur LLP
41 South High Street, Suites 2800-3200
Columbus, Ohio 43215-6194
(614) 227-2000
(614) 227-2100 (fax)
rsherman@porterwright.com
dbloomfield@porterwright.com

*Attorneys for Plaintiff*
*Berkshire Life Insurance Company of America*

Of Counsel:

Donald A. Murday
Craig M. Bargher
CHITTENDEN, MURDAY &
NOVOTNY LLC
303 W. Madison Street, Suite 1400
Chicago, Illinois 60606
(312) 281-3600
(312) 281-3678 (fax)
dmurday@cmn-law.com
cbargher@cmn-law.com
(Motions for leave to appear
*Pro Hac Vice* to be filed)

13