# Exhibit 1

**Berkshire Life Insurance Company of America**
700 South Street • Pittsfield, Massachusetts 01201
1-800-819-2468

The Policy is issued by
Berkshire Life Insurance Company of America, a wholly
owned stock subsidiary of The Guardian Life Insurance
Company of America, New York, NY.

Berkshire Life Insurance Company of America hereby
furnishes insurance to the extent set out in the Policy.
All of the provisions on this and pages that follow
are part of the Policy.

Secretary                                    President

*You* and *Your* mean the person insured.
*We, Us, Our,* and *Berkshire Life* mean
Berkshire Life Insurance Company of America.

## NONCANCELLABLE AND GUARANTEED RENEWABLE TO THE EXPIRATION DATE

You may renew the Policy at the end of each Premium Term until the Expiration Date.
During that time, We cannot change the premium or cancel the Policy.

## YOUR CONDITIONAL RIGHT TO RENEW AFTER THE EXPIRATION DATE–PREMIUMS CAN CHANGE

After the Expiration Date, You may renew the Policy at the end of each Premium Term
as long as You are not Disabled and You are Gainfully Employed Full Time for at least 10 months
each year and the premium is paid on time.

Your premium will be at Our rates then in effect for persons of Your Age, Class of Risk,
Occupation Class, and any special class rating that applies to the Policy. We have the right to
change such premiums on a class basis on any Policy Anniversary.

## NOTICE OF TEN-DAY RIGHT TO EXAMINE POLICY

Please read the Policy carefully. It is a legal contract between You and Us. You may return the
Policy to Us or to the representative through whom You bought it within ten days from
the date You receive it. Immediately upon such delivery or mailing, the Policy will be
void from the beginning, and any premium paid for it will be refunded.

### Disability Income Policy
Non-Participating - Franchise

DUPLICATE POLICY



1500-ER (04/09) OH

*Berkshire Life Insurance Company of America*
*is a wholly owned stock subsidiary of*
*The Guardian Life Insurance Company of America, New York, NY*

Berkshire Life Insurance Company of America, Pittsfield, MA

Schedule Page 1a

| Insured: | PAULA A HABIB | Policy Number: | Z1959960 |
|----------|---------------|----------------|----------|
| Owner: | PAULA A HABIB | Policy Date: | 08/01/2010 |
| Loss Payee: | PAULA A HABIB | | |

---

Policy Specifications for the Insured

| Class of Risk: | Select | Gender: | Female |
|----------------|--------|---------|--------|
| Occupation Class: | 5M | Premium Term: | Annual |

---

Policy Coverage and Premium Summary

| Coverage | Monthly Benefit | Annual Premium |
|----------|-----------------|----------------|
| Disability Income Insurance Policy | $10,000 | $2,509.00 |
| Residual Disability Benefit Rider | | $452.00 |
| Graded Lifetime Indemnity for Total Disability Rider | | $806.00 |
| Catastrophic Disability Benefit Rider | $8,000 | $263.20 |
| Total (Premium is before discounts and policy fee) | $18,000 | $4,030.20 |

| Applicable Policy Discount | Discount Percent |
|----------------------------|------------------|
| Employer Sponsored Discount: | 10.00% |

| | |
|---|---|
| Discounted Annual Premium (before policy fee): | $3,627.18 |
| Annual Policy Fee: | $27.00 |
| Annual Premium (after discounts and policy fee): | $3,654.18 |

You have selected the level premium payment option. The level premium period will be to Age 67.

DUPLICATE POLICY

---

This Schedule Page replaces any previously issued Schedule Page.

I500-ER (04/09) OH                    Schedule Page Date:    08/10/2010

Berkshire Life Insurance Company of America, Pittsfield, MA

Schedule Page 1b

Insured:     PAULA A HABIB                    Policy Number:    Z1959960
Owner:       PAULA A HABIB                    Policy Date:      08/01/2010
Loss Payee:  PAULA A HABIB

---

### About Your Premiums

The premiums for the Policy are based on gender neutral rates.

If You elect to increase, decrease or change Coverage or change the Premium Term, Your premium may change.

The following summarizes the premium for each Premium Term option during the level premium period for the Coverage You have selected.

For a Semiannual Premium Term:

> You will pay $1,881.90 every 6 months. This means You are paying an additional $109.62 or 3.00% per year, or a total annualized premium of $3,763.80.

For a Quarterly Premium Term:

> You will pay $959.77 every 3 months. This means You are paying an additional $184.90 or 5.06% per year, or a total annualized premium of $3,839.08.

For a Monthly Premium Term under a list-bill arrangement:

> You will pay $313.65 every month. This means You are paying an additional $109.62 or 3.00% per year, or a total annualized premium of $3,763.80.

For a Monthly Premium Term utilizing Guard-O-Matic

> You will pay $304.51 every month. There is no additional charge for paying Your premiums on a monthly basis versus paying them on an annual basis.

The additional charge, if any, that is added for paying in installments more frequent than payment on an annual basis will remain the same until the end of the initial level premium period.

An increase, decrease or change in Coverage may result in a change in premium, and a new Schedule Page will be provided to You.

---

This Schedule Page replaces any previously issued Schedule Page.

1500-ER (04/09) OH                    Schedule Page Date:    08/10/2010

Berkshire Life Insurance Company of America, Pittsfield, MA

Schedule Page 1c

| | | | |
|---|---|---|---|
| Insured: | PAULA A HABIB | Policy Number: | Z1959960 |
| Owner: | PAULA A HABIB | Policy Date: | 08/01/2010 |
| Loss Payee: | PAULA A HABIB | | |

### Disability Income Insurance Policy Coverage Summary

| Issue Age | Monthly Indemnity | Elimination Period | Accumulation Period | Benefit Period | Expiration Date | Annual Premium |
|---|---|---|---|---|---|---|
| 31 | $10,000 | 90 days | 210 days | To Age 67 | 08/01/2046 | $2,509.00 |

### Catastrophic Disability Benefit Rider Coverage Summary

| Issue Age | Catastrophic Disability Indemnity | Elimination Period | Accumulation Period | Benefit Period | Expiration Date | Annual Premium |
|---|---|---|---|---|---|---|
| 31 | $8,000 | 90 days | 210 days | To Age 67 | 08/01/2046 | $263.20 |

This Schedule Page replaces any previously issued Schedule Page.

1500-ER (04/09) OH                    Schedule Page Date:    08/10/2010

Berkshire Life Insurance Company of America, Pittsfield, MA

Schedule Page 1d

| | | | |
|---|---|---|---|
| Insured: | PAULA A HABIB | Policy Number: | Z1959960 |
| Owner: | PAULA A HABIB | Policy Date: | 08/01/2010 |
| Loss Payee: | PAULA A HABIB | | |

### About Your Benefit Period

The Benefit Period for the Policy meets the federal guidelines for nondiscrimination in employment because of age.

The Maximum Benefit Period for Mental and/or Substance-Related Disorders is the same as the Benefit Period. Under no circumstance will We pay benefits for any Disability due to a Mental and/or Substance-Related Disorder that We have excluded by name or specific description.

For a To Age 67 Benefit Period:

| If Disability begins | The Benefit Period is |
|---|---|
| Prior to age 60 | To Age 67 |
| At or after age 60, but before age 61 | 84 Months |
| At or after age 61, but before age 62 | 72 Months |
| At or after age 62, but before age 63 | 60 Months |
| At or after age 63, but before age 64 | 48 Months |
| At or after age 64, but before age 65 | 36 Months |
| At or after age 65, but before age 75 | 24 Months |
| At or after age 75 | 12 Months |

This Schedule Page replaces any previously issued Schedule Page.

| | | | |
|---|---|---|---|
| 1500-ER (04/09) OH | | Schedule Page Date: | 08/10/2010 |

**TABLE OF CONTENTS**

Definitions ........................................................................................................................................... 3
Provisions Relating to Benefits ............................................................................................................ 7
    Total Disability Benefit ..................................................................................................................... 7
    Medical Care Requirement .............................................................................................................. 7
    Presumptive Total Disability Benefit ............................................................................................... 7
    Capital Sum Benefit ......................................................................................................................... 7
    Fractional Month .............................................................................................................................. 7
    Waiver of Elimination Period ........................................................................................................... 8
    Recurrent Disability ......................................................................................................................... 8
    Concurrent Disability ....................................................................................................................... 8
    Separate Periods of Disability ......................................................................................................... 8
    Transplant and Cosmetic Surgery .................................................................................................. 8
    Waiver of Premium Benefit .............................................................................................................. 8
Provisions Relating to Rehabilitation and Workplace Modification ...................................................... 9
    Rehabilitation Benefit ...................................................................................................................... 9
    Modification and Access Benefit ..................................................................................................... 9
Provision Relating to Suspension ........................................................................................................ 9
    Suspension During Military Service ................................................................................................ 9
Exclusions and Limitations ................................................................................................................ 10
    Exclusions ..................................................................................................................................... 10
    Limitation While Outside the United States or Canada ................................................................. 10
    Pre-existing Condition Limitation .................................................................................................. 10
    Mental and/or Substance-Related Disorders Limitation ............................................................... 10
Provisions Relating to Claims ............................................................................................................ 10
    Notice of Claim ............................................................................................................................. 10
    Claim Forms .................................................................................................................................. 11
    Proof of Loss ................................................................................................................................. 11
    Time of Payment of Claims ........................................................................................................... 11
    Payment of Claims ........................................................................................................................ 11
    Examinations ................................................................................................................................. 11
    Responsibility to Cooperate and Obtain Appropriate Medical Care .............................................. 12
Provisions Relating to Premium and Renewal ................................................................................... 12
    Premium ........................................................................................................................................ 12
    Grace Period ................................................................................................................................. 12
    Premium Term Changes ............................................................................................................... 12
    Renewal After The Expiration Date ............................................................................................... 12
    Cancellation by the Owner ............................................................................................................ 12
    Reinstatement ............................................................................................................................... 12
General Contract Provisions .............................................................................................................. 13
    Consideration ................................................................................................................................ 13
    Effective Date Provision ................................................................................................................ 13
    Preliminary Term Provision ........................................................................................................... 13
    Entire Contract; Changes .............................................................................................................. 13
    Incontestable ................................................................................................................................. 13
    Termination of the Policy ............................................................................................................... 13
    Conformity with State Laws ........................................................................................................... 13
    Legal Actions ................................................................................................................................. 13
    Misstatement of Age ..................................................................................................................... 14
    Assignment ................................................................................................................................... 14
    Waiver of Policy Provisions ........................................................................................................... 14

Additional Coverage, if any, is shown in the Schedule Page
and is described in the rider forms attached to the Policy.

If You have questions about the Policy,
You may call Berkshire Life Insurance Company of America at 1-800-819-2468.

POLICY 21959960

FORM **** R1Z6 ******

# DEFINITIONS

**Accumulation Period**
The Accumulation Period is shown in the Schedule Page. It is an uninterrupted period of consecutive days that begins on the first day that You are Disabled and during which the Elimination Period must be satisfied.

**Age**
References to a specific age -- such as age 65 -- mean Your age as of the Policy Anniversary that first occurs on or after the birthday on which You attain that age.

**Benefit Period**
The Benefit Period is shown in the Schedule Page. It is the longest period of time for which We will pay benefits for a continuous Disability from the same cause.

**Class of Risk**
The Class of Risk is shown in the Schedule Page.

**Coverage**
Coverage means the benefits available under the Policy.

**Disability or Disabled**
Disability means Total Disability. Disabled means Totally Disabled.

**Effective Date**
Effective Date means the date that the Policy, or a rider, takes effect.

**Elimination Period**
The Elimination Period is shown in the Schedule Page. The Elimination Period is the number of days that must elapse before benefits become payable. The Elimination Period starts on the first day that You are Disabled. You must be Disabled, from the same cause or a different cause for this entire period. The days within this period need not be consecutive, but they must occur within the Accumulation Period. Benefits will not accrue or be payable during the Elimination Period.

**Expiration Date**
The Expiration Date is shown in the Schedule Page. Expiration Date means the date on which Coverage ends, if the Policy has not previously terminated.

**Full Time**
Full Time means at least 30 hours each week.

**Gainfully Employed or Gainful Employment**
Gainfully Employed or Gainful Employment means actively at work or engaged in activities for Income, remuneration or profit.

**Hospital**
Hospital means a facility or institution legally operating as a hospital that:

- is mainly engaged in providing inpatient care and treatment of sick or injured persons, and routinely makes a charge for such care; and
- is supervised by a staff of physicians on the premises; and
- provides 24-hour nursing services on the premises by registered graduate nurses.

In no event will Hospital include any institution or facility that is:

- operated as a rest home, a convalescent facility, or a long-term nursing care facility; or
- mainly for the care of the aged, or which primarily affords custodial or educational care.

1500-ER (04/09) OH                                Page 3

## Income

Income means the compensation that You receive, or which is attributable to You, for work or personal services, after Business Expenses, but before any other deductions. Income includes salaries, wages, fees, commissions, bonuses, pension and profit sharing contributions, other payments for Your personal services, and other compensation or income earned by You or attributable to You by a business in which You have an ownership interest. Income does not include any forms of unearned income except as derived from a business in which You have an ownership interest. With respect to other compensation or income earned by You or attributable to You by a business in which You have an ownership interest, this amount is determined after deduction of normal and customary unreimbursable Business Expenses but before deduction of any of Your personal income taxes.

*Prior Income* means Your average monthly Income for either the last 24 calendar months just prior to the date on which You became Disabled, or for the two calendar years with the highest earnings in the three calendar years just prior to the date on which You became Disabled, whichever is greater.

*Current Income* means all Income, as defined above, for each month during a period of Disability. We will not include Income received for services rendered prior to the start of Disability in Your Current Income.

*Business Expenses* means the regular business expenses which may be deducted from gross earned income for the period Income is being determined. When You are Disabled, Your monthly Business Expenses may not exceed Your average monthly Business Expenses for the same period in which Your Prior Income was determined.

*Loss of Income* means the difference between Your Prior Income and Your Current Income. This difference will be considered a Loss of Income to the extent it is solely the result of the Injury or Sickness that caused Your Disability.

## Injury

Injury means accidental bodily injury that first occurs on or after the Effective Date and while the Policy is in force, and that is not contributed to by Sickness.

## Issue Age

Issue Age is shown in the Schedule Page. It is Your Age on the Policy Date.

## Loss Payee

The Loss Payee is named in the Schedule Page. We will pay benefits for which We are liable to the Loss Payee.

## Maximum Benefit Period for Mental and/or Substance-Related Disorders

Maximum Benefit Period for Mental and/or Substance-Related Disorders is shown in the Schedule Page. It is the longest period of time, during the duration of the Policy, for which We will pay benefits for loss contributed to or caused by Mental and/or Substance-Related Disorders.

## Mental and/or Substance-Related Disorders

Mental and/or Substance-Related Disorders means any disorder classified in the Diagnostic and Statistical Manual of Mental Disorders (DSM). This includes but is not limited to, psychiatric, psychological, emotional, or behavioral disorders, or disorders related to stress or to substance abuse or dependency, or any biological or biochemical disorder or imbalance of the brain regardless of the cause, including any complications thereof. This does not include dementia or cognitive impairment resulting from stroke, physical trauma, infections, or a form of senility or irreversible dementia such as Alzheimer's Disease.

*Diagnostic and Statistical Manual of Mental Disorders or DSM* means the most recent version of the diagnostic manual as published by the American Psychiatric Association (APA) as of the start of Your Disability. If the DSM is discontinued, We will use the replacement chosen by the APA, or by an organization which succeeds it.

## Monthly Indemnity

Monthly Indemnity is shown in the Schedule Page. It is the amount We will pay for each month of Total Disability.

## Occupation Class

The Occupation Class is shown in the Schedule Page.

**Owner**

Owner is shown in the Schedule Page. You are the Owner unless some other person or entity is named in the Schedule Page. The Owner has the right to renew the Policy, to request a change in Coverage, to change the Loss Payee, and to make other Policy changes.

**Physician**

Physician means a person who is licensed by law in the state in which he or she practices as a Medical Doctor or Doctor of Osteopathy, and is acting within the scope of that license to treat Injury or Sickness that results in a Disability. A Physician cannot be You or anyone related to You by blood or marriage, a member of Your household, Your business or professional partner or employer, or any person who has a financial affiliation or business interest with You. If Your Disability is due to a Mental and/or Substance-Related Disorder, the Physician must be a licensed psychiatrist or a licensed doctoral level psychologist.

**Policy**

Policy means the legal contract between You and Us. The entire contract consists of the Policy, any application(s), the Schedule Pages and any attached riders, amendments, and endorsements.

**Policy Anniversary**

Policy Anniversary is the Yearly Anniversary of the Policy Date while the Policy remains in force.

**Policy Date**

The Policy Date is shown in the Schedule Page. It is the date from which premiums are calculated and become due.

**Pre-existing Condition**

Pre-existing Condition means a physical or mental condition:

- that was misrepresented or not disclosed in Your application; and
- for which You received professional medical advice, diagnosis or treatment within two years before the Effective Date; or
- that caused symptoms within one year before the Effective Date for which a prudent person would usually seek professional medical advice, diagnosis or treatment.

**Preliminary Term**

Preliminary Term, if shown in the Schedule Page, means the period of time for which the Policy is in force prior to the Policy Date. If applicable, the Preliminary Term premium is shown in the Schedule Page.

**Premium Term**

Premium Term is shown in the Schedule Page. It is the frequency of Your premium payments.

**Sickness**

Sickness means an illness or disease that first manifests itself on or after the Effective Date and while the Policy is in force.

**Suspension Period**

Suspension Period is a period of time during which the Policy will not be in force. We will neither accept premiums nor pay benefits under the Policy during a Suspension Period. The Policy will not cover losses that result from Injury or Sickness that occurs or begins during a Suspension Period. No privileges or options under the Policy or any attached riders may be exercised during a Suspension Period.

**Termination Date**

Termination Date means the date on which the Policy terminates.

POLICY 21959960

FORM **** R129 ******

**Total Disability or Totally Disabled**

Total Disability or Totally Disabled means that, solely due to Injury or Sickness, You are not able to perform the material and substantial duties of Your Occupation.

You will be Totally Disabled even if You are Gainfully Employed in another occupation so long as, solely due to Injury or Sickness, You are not able to work in Your Occupation.

Working an average of more than 40 hours in a week, in itself, is not a material and substantial duty.

**We, Us, Our and Berkshire Life**

We, Us, Our and Berkshire Life mean Berkshire Life Insurance Company of America.

**You and Your**

You and Your mean the person named as the insured in the Schedule Page of the Policy.

**Your Occupation**

Your Occupation means the occupation (or occupations, if more than one) in which You are Gainfully Employed during the 12 months prior to the time You become Disabled.

If You have limited Your Occupation to the performance of the material and substantial duties of a single medical specialty or to a single dental specialty, We will deem that specialty to be Your Occupation.

## PROVISIONS RELATING TO BENEFITS

**Total Disability Benefit**

When You are Totally Disabled, We will pay the Monthly Indemnity as follows:

- You must become Totally Disabled while the Policy is in force.
- You must satisfy the Elimination Period.
- After You have satisfied the Elimination Period, Monthly Indemnity will be payable at the end of each month while You remain Totally Disabled.
- Monthly Indemnity will stop at the end of the Benefit Period or, if earlier, on the date You are no longer Totally Disabled.

We will not increase the Monthly Indemnity because You are Totally Disabled from more than one cause at the same time.

**Medical Care Requirement**

We will not pay benefits nor waive premium under the Policy for any period of Disability during which You are not under the regular medical care of a Physician. The medical care must be provided by a Physician whose specialty is appropriate for Your Injury or Sickness. The medical care must be appropriate, according to prevailing medical standards, for the condition causing the Disability.

We will waive the medical care requirement during any claim under the Policy upon reasonable written proof that Your Injury or Sickness no longer requires the regular medical care of a Physician under prevailing medical standards. Such waiver will not restrict Our rights under the Proof of Loss and Examinations provisions of the Policy.

**Presumptive Total Disability Benefit**

We will always consider You to be Totally Disabled even if You are Gainfully Employed, if Injury or Sickness results in your total and complete loss of:

- the sight in both eyes;
- hearing in both ears;
- speech; or
- the use of both hands, both feet, or one hand and one foot, in their entirety.

If Your Injury or Sickness results from one of these conditions, We will waive the unexpired portion of the Elimination Period and benefits will start to accrue from the date of Your Total Disability. Monthly Indemnity will be paid for as long as Your Total Disability continues, but not longer than the Benefit Period.

**Capital Sum Benefit**

The Capital Sum Benefit is a lump sum amount in addition to any other benefit payable under the Policy. The Capital Sum Benefit is equal to twelve times the Monthly Indemnity at the time You suffer a capital loss.

A capital loss means the total and irrecoverable loss of all sight in one eye; or the complete loss of a hand or foot by severance through or above the wrist or ankle. Such loss must result from Sickness or Injury.

If You suffer a capital loss while the Policy is in force and survive it for 30 days, We will pay the Capital Sum Benefit for each such loss. But We will not pay for more than two such losses in Your lifetime. If the Policy has terminated, We will pay for a capital loss which results from an Injury sustained while the Policy was in force and which occurs within 90 days after the date of that Injury.

**Fractional Month**

We will pay 1/30 of the monthly benefit payable under the Policy for each day for which We are liable when You are Disabled for less than a full month.

POLICY 21959960

FORM **** R131 *******

**Waiver of Elimination Period**
We will waive the Elimination Period if:

- You become Disabled within five years after the end of a previous Disability; and
- The previous Disability lasted more than six months; and
- We paid benefits under the Policy for the previous Disability.

**Recurrent Disability**
If, after the end of a period of Disability, You become Disabled again, the later period of Disability will be deemed a continuation of the previous Disability, if:

- You have returned to Full Time Gainful Employment for a period of less than 12 months after the previous Disability ends; and
- the Disability results entirely or in part from the same cause or causes as the previous Disability; and
- We paid benefits under the Policy for the previous Disability.

If the Disability is determined to be a continuation of the previous Disability, Your prior claim for Disability will resume and no new Elimination Period will be required. You must satisfy all terms and conditions set forth in the Policy.

If the Disability is determined not to be a continuation of the previous Disability, then the current period of Disability will be considered a new and separate Disability.

**Concurrent Disability**
We will pay benefits for a concurrent Disability as if there were only one Injury or Sickness. Once a period of Disability begins, We will consider it to be a continuous period of Disability no matter what Injury or Sickness, or combination thereof, caused the Disability or caused it to continue. In all cases, if You are Disabled from more than one cause, the amount and duration of benefits will not be more than that for any one cause.

**Separate Periods of Disability**
If You continue to be Disabled after the Benefit Period ends, You will not be eligible for a new Benefit Period unless:

- You recover from the previous Disability; and
- You return to Full Time Gainful Employment; and
- the Policy remains in force; and
- You have satisfied all other terms and conditions of the Policy.

**Transplant and Cosmetic Surgery**
If, more than six months after the Effective Date, You become Totally Disabled because of:

- the transplant of a part of Your body to another person, or
- complications of cosmetic surgery to improve Your appearance or correct a disfigurement,

We will deem You to be Totally Disabled as a result of Sickness.

**Waiver of Premium Benefit**
If You are Disabled for the length of the Elimination Period due to Injury or Sickness not excluded from Coverage:

- We will refund that portion of any premium paid which applies to the period of Disability beyond the date that You were first Disabled in the same claim.
- We will then waive any later premiums that are due while You are continuously Disabled in the same claim and receiving benefits for the Disability.
- We will continue to waive premiums for the six-month period after You recover. At the end of the six-month period, You are responsible for the pro rata portion of the premium for the remainder of the current Premium Term, and all premiums that fall due thereafter in order to keep the Policy in force.

If, after the end of the Benefit Period and before the Expiration Date You remain continuously Disabled, waiver of premium will continue. If You subsequently recover from the Disability, You must notify us within six months of the date You recover. You will then be responsible for the pro rata portion of the premium for the remainder of the current Premium Term and all premiums that fall due thereafter. Failure to notify Us within six months of the date You recover will result in termination of the Policy.

The Waiver of Premium Benefit will also apply if benefits are payable because You have met the requirements of the Recurrent Disability provision.

Nothing in this provision will change the conditions for renewal after the Expiration Date that require You to be Gainfully Employed Full Time for at least 10 months each year.

## PROVISIONS RELATING TO REHABILITATION AND WORKPLACE MODIFICATION

### Rehabilitation Benefit

If You are Disabled, You may be eligible for a Rehabilitation Benefit. If You and We agree in advance on a program of occupational rehabilitation, We will pay for the program as set forth in a signed written agreement. The program of occupational rehabilitation must be a formal plan that will help You to return to Gainful Employment in Your Occupation. The program must be directed by an organization or individual licensed or accredited to provide occupational rehabilitation or education to persons who are disabled.

The extent of Our role in this program will be determined by the written agreement. We will pay only those costs that are not otherwise covered by insurance, workers' compensation, or any public fund or program.

We will periodically review the program and Your progress in it. We will continue to pay for the program, subject to the written agreement, as long as We determine that it is helping You return to Gainful Employment in Your Occupation.

Participating in a program of occupational rehabilitation will not in itself be considered a recovery from the Injury or Sickness that resulted in Your Disability, and benefits will continue as provided in the Policy.

### Modification and Access Benefit

If You are Disabled, You may be eligible for the Modification and Access Benefit. If a modification is determined by Us to be appropriate and reasonable to enable You to perform Your material and substantial duties, We will reimburse You for the cost that You incur for such modification upon written proof acceptable to Us as set forth in a signed written agreement. The purpose of any such modification must be to help You to return to Gainful Employment in Your Occupation.

## PROVISION RELATING TO SUSPENSION

### Suspension During Military Service

We will suspend the Policy on the date You begin active duty in the military of any nation or international authority. Such active duty will not include training that lasts 90 days or less. We will refund the pro rata portion of any premium paid for a period of time beyond the date that the Suspension Period begins. Premiums must be paid to the date on which the Suspension Period begins.

You do not have to provide evidence of medical insurability or Income in order to end the Suspension Period. The Suspension Period will end on the date We receive Your written request to place the Policy back in force and Your premium payment. The date We receive Your written request must occur within 90 days after active duty ends.

After the end of the Suspension Period, premiums will be at the same rate that they would have been had the Policy remained in force. The Policy will not cover losses that result from Injury or Sickness that occurs or begins during a Suspension Period. The Policy will cover only losses that result from Injury that occurs after the end of the Suspension Period or Sickness that first manifests itself more than 10 days after the end of the Suspension Period. In all other respects, You and We will have the same rights under the Policy as before it was suspended.

After the end of the Suspension Period, You must pay the pro rata premium for Coverage until the next Premium Term. If the Expiration Date occurs during a Suspension Period, the Policy will terminate.

## EXCLUSIONS AND LIMITATIONS

### Exclusions
We will not pay benefits for any Disability:

- caused by, contributed to, or which results from military training, military action, military conflict, or war, whether declared or undeclared, while You are serving in the military or units auxiliary thereto, or working for contracted military services;
- during any period of time in which You are incarcerated;
- caused by, contributed to, or which results from Your commission of, or attempt to commit, a criminal offense as defined under local, state, or federal law;
- caused by, contributed to, or which results from Your being engaged in an illegal occupation;
- caused by, contributed to, or which results from the suspension, revocation or surrender of Your professional or occupational license or certification;
- caused by, contributed to, or which results from an intentionally self-inflicted Injury; or
- due to any loss We have excluded by name or specific description.

### Limitation While Outside the United States or Canada
You must be living full time in the 50 United States of America, the District of Columbia or Canada in order to receive benefits under the Policy, except for incidental travel or vacation, otherwise benefits will cease. Incidental travel or vacation means being outside of the 50 United States of America, the District of Columbia or Canada for not more than two non-consecutive months in a 12-month period. You may not recover benefits that have ceased pursuant to this limitation.

If benefits under the Policy have ceased pursuant to this limitation and You return to the 50 United States of America, the District of Columbia or Canada, You may become eligible to resume receiving benefits under the Policy. You must satisfy all terms and conditions of the Policy in order to be eligible to resume receiving benefits under the Policy.

If You remain outside of the 50 United States of America, the District of Columbia or Canada, premiums will become due beginning six months after benefits cease.

### Pre-existing Condition Limitation
We will not cover any loss that begins in the first two years after the Effective Date from a Pre-existing Condition.

### Mental and/or Substance-Related Disorders Limitation
Benefits for any Disability due to a Mental and/or Substance-Related Disorder will be paid for a period not longer than the Maximum Benefit Period for Mental and/or Substance-Related Disorders.

After the Maximum Benefit Period for Mental and/or Substance-Related Disorders and subject to the Policy provisions, We will only pay benefits while You are continuously confined in a Hospital for treatment of a Disability due to a Mental and/or Substance-Related Disorder, and You are under the regular medical care of a Physician.

Under no circumstance will We pay benefits for any Disability due to a Mental and/or Substance-Related Disorder that We have excluded by name or specific description.

## PROVISIONS RELATING TO CLAIMS

### Notice of Claim
You must give Us written Notice of Claim within 30 days after any loss covered by the Policy occurs or begins, or as soon after that as is reasonably possible. Written Notice of Claim, with complete information to identify You, will be sufficient if provided to Us at Our home office, 700 South Street, Pittsfield, MA 01201.

**Claim Forms**

When We receive written Notice of Claim, We will send Claim Forms for filing Proof of Loss. Claim Forms must be completed, signed and returned to Us, and are a required part of Proof of Loss. If We do not send You such forms within 15 days after receiving written Notice of Claim, You may submit a written statement within the time fixed in the Policy for filing Proof of Loss, which provides the nature and extent of the loss for which a claim is made.

**Proof of Loss**

You must provide Us with written Proof of Loss at Our home office for a loss within 90 days after the end of each monthly period for which You are claiming benefits. All losses must occur while the Policy is in force.

We can require any proof that We consider necessary to evaluate Your claim. Such proof may include, but is not limited to, medical records, employment records, business records, evidence of Your Prior and Current Income, financial records, and any other information necessary for Us to evaluate Your claim.

If You cannot give Us written Proof of Loss within the prescribed time, We will not deny or reduce Your claim if You give Us written Proof of Loss as soon as reasonably possible. Under no circumstance will We pay benefits if written Proof of Loss is delayed for more than one year, unless You have lacked legal capacity.

**Time of Payment of Claims**

Subject to satisfactory written Proof of Loss and upon Our determination that benefits are payable under the provisions of the Policy, We will pay all accrued benefits for Disability and other specified losses for which We are liable. Benefits will be payable at the end of each month after the period of liability has occurred while You are Disabled. Any amounts unpaid when Our liability ends will be paid promptly after We receive satisfactory written Proof of Loss.

**Payment of Claims**

You must satisfy all terms and conditions of the Policy in order for benefits to become payable. After all required Proof of Loss is provided and the claim is approved by Us, We will pay the benefits of the Policy for which we are liable to the Loss Payee.

Coverage terminates upon Your death. Any accrued benefits unpaid at Your death will be paid to Your estate.

If any benefit of the Policy becomes payable to a person not competent to give a release, We may pay such benefit, up to $1,000, to one of Your relatives by blood or marriage who We believe is entitled to it. Any payment made in good faith under this provision will fully discharge Us to the extent of such payment.

**Examinations**

We have the right to have You examined at Our expense and as often as We may reasonably require to determine Your eligibility for benefits under the Policy as part of Proof of Loss. We reserve the right to select the examiner. The examiner will be a specialist appropriate to the assessment of Your claim.

The examinations may include but are not limited to medical examinations, functional capacity examinations, psychiatric examinations, vocational evaluations, rehabilitation evaluations, and occupational analyses. Such examinations may include any related tests that are reasonably necessary to the performance of the examination. We will pay for the examination. We may deny or suspend benefits under the Policy if You fail to attend an examination or fail to cooperate with the examiner.

You must meet with Our representative for a personal interview or review of records at such time and place, and as frequently as We reasonably require. Upon Our request, You must provide appropriate documentation.

We have the right, at our expense, to analyze or require an analysis of all relevant financial and operational records, including Your personal, business and corporate federal and state tax returns, as often as We may reasonably require by a financial examiner of Our choice. Such assessments may include analysis of business, financial and operational records for any business in which You have or may have an ownership interest. We can require that Your accounting practices be the same as those which were in effect at the time You first became Disabled.

POLICY Z1959960

FORM **** R133 ******

**Responsibility to Cooperate and Obtain Appropriate Medical Care**
You have the responsibility to cooperate with Us concerning all matters relating to the Policy and claims thereunder. You have the responsibility to obtain all reasonably appropriate medical care for the condition for which You are claiming benefits.

## PROVISIONS RELATING TO PREMIUM AND RENEWAL

**Premium**
Premiums are due on the first day of each Premium Term. If You die, We will refund to Your estate that part of any premium which applies to the period after Your date of death.

**Grace Period**
After the first Premium Term, We allow a Grace Period of 31 days in which to pay each premium due. The Policy stays in force during the Grace Period. If You have not paid the premium when it is due or by the end of the Grace Period, the Policy will lapse.

**Premium Term Changes**
On any premium due date, You may change the Premium Term, but We will not allow any change which would result in a premium not being due on a Policy Anniversary.

On request, and subject to Our approval, premiums may be paid annually or on a periodic basis. The Premium Terms available are annual, semiannual or quarterly. Premiums may also be paid monthly by automatic bank draft. We will change the Premium Term if We receive the Owner's proper written request at Our home office before the premium due date.

**Renewal After The Expiration Date**
After the Expiration Date, You may renew the Policy at the end of each Premium Term as long as You are not Disabled and You are Gainfully Employed Full Time for at least 10 months each year and the premium is paid on time. If You renew the Policy after the Expiration Date, We will issue a new Schedule Page at that time.

After the Expiration Date, We can require satisfactory written proof that You have continued to be Gainfully Employed Full Time for at least 10 months each year.

The Policy must be in force in order for You to renew the Policy after the Expiration Date.

The only Coverage that will continue after the Expiration Date is for a Total Disability Benefit. All other Coverage in force on the Expiration Date will terminate on the Expiration Date, unless otherwise stated. The Benefit Period after the Expiration Date is shown in the Schedule Page.

After the Expiration Date, Your premium will be at Our rates then in effect for persons of Your Age, Class of Risk, Occupation Class, and any special class rating that applies to the Policy. We have the right to change such premiums on a class basis on any Policy Anniversary.

Any premium paid after the Expiration Date for a period not covered by the Policy will be returned to You.

**Cancellation by the Owner**
You may cancel the Policy at any time by written notice to Us, effective upon receipt or on such later date as may be specified in such notice. In the event of cancellation, We will promptly refund all premium paid for any period after the date of cancellation.

**Reinstatement**
If the Policy has lapsed at the end of the Grace Period, You can apply to reinstate the Policy by completing an application and paying all overdue premiums. Such application must be received by Us within six months of the date the Policy lapsed.

We may require satisfactory evidence of insurability to reinstate the Policy. If We approve Your application, the Policy will be placed back in force on the date of such approval. If We have not approved or refused Your application in writing within 45 days after receipt of such application and overdue premium, the Policy will be reinstated on that 45th day. If We refuse to reinstate the Policy, We will refund Your premium.

In any case, the Policy will be reinstated on the date that We accept a premium and do not ask for an application.

The reinstated Policy will cover only losses that result from Injury that occurs after the date of Reinstatement or Sickness that begins more than 10 days after such date. In all other respects, You and We will have the same rights under the Policy as before it lapsed, subject to any provisions endorsed on or attached to the Policy in connection with Reinstatement.

## GENERAL CONTRACT PROVISIONS

**Consideration**
We have issued the Policy in consideration of the representations in Your application and payment of the first premium. A copy of Your application is attached and is a part of the Policy.

**Effective Date Provision**
Insurance takes effect on the Effective Date for the Premium Term that is shown in the Schedule Page, unless You have Preliminary Term. The Policy takes effect at 12:01 a.m. on the Effective Date and terminates at 11:59 p.m. on the Termination Date.

**Preliminary Term Provision**
If the Schedule Page indicates that You have Preliminary Term, the Policy takes effect at 12:01 a.m. on the Preliminary Term Effective Date. All of Your rights under the Policy will begin on the Preliminary Term Effective Date.

**Entire Contract; Changes**
The Policy with any application(s), the Schedule Pages, and any attached riders, amendments and endorsements make up the entire contract. No change in the Policy will be valid unless it has been endorsed on or attached to the Policy in writing by the president, a vice president, or the secretary of Berkshire Life.

No agent or broker has authority to change the Policy or waive any of its provisions.

**Incontestable**
The Policy will be incontestable as to the statements, except fraudulent statements, contained in the application after it has been in force for a period of two years during Your lifetime, excluding any period during which You are Disabled. No claim for a loss incurred or Disability that begins after two years from the Effective Date, excluding any period during which You are Disabled, will be reduced or denied because a sickness or physical condition existed prior to the Effective Date. This assumes that such sickness or physical condition was not excluded from Coverage by name or description.

**Termination of the Policy**
The Policy will terminate when the first of the following occurs:

- the premium for the Policy remains unpaid at the end of the Grace Period; or
- the date of Your written request to terminate the Policy; or
- the Expiration Date, if You are not Gainfully Employed Full Time for at least 10 months each year; or
- the end of the first Premium Term after the Expiration Date, when You are no longer Gainfully Employed Full Time for at least 10 months each year; or
- Your death.

**Conformity with State Laws**
Any provision of the Policy which, on the Effective Date, is in conflict with the laws of the state in which You reside on such date is hereby amended to meet the minimum requirements of such laws.

**Legal Actions**
No one can bring an action at law or in equity under the Policy until 60 days after written Proof of Loss has been furnished as required by the Policy. In no case can an action be brought against Us more than three years after written Proof of Loss must be furnished.

POLICY 21959960

FORM **** R134 ******

**Misstatement of Age**

If Your age has been misstated, Coverage will be based upon what the premium paid would have bought at Your correct age. If We would not have issued the Policy at Your correct age, there will be no insurance and We will owe only a refund of all premiums paid for the period not covered by the Policy.

**Assignment**

We will not be bound by an assignment of the Policy for any claim unless We receive a written assignment on a form provided by Us before We pay the benefits claimed. We will not be responsible for the validity or tax consequences of any assignment.

**Waiver of Policy Provisions**

Our failure to invoke or enforce a right We have reserved under the terms of the Policy will not be deemed a permanent waiver of that right.

Berkshire Life Insurance Company of America
700 South Street
Pittsfield, MA 01201

## RESIDUAL DISABILITY BENEFIT RIDER

This rider is a part of the Policy to which it is attached. All provisions of the Policy apply to this rider and remain the same except where We change them by this rider.

The Policy is amended by adding or changing the following provisions:

### DEFINITIONS

**CPI-U**
CPI-U means the Consumer Price Index for All Urban Consumers, or any later replacement of it, as published by the United States Department of Labor.

**Current Business Expenses**
Current Business Expenses means Your Business Expenses in each month while You are Residually Disabled. While You are Residually Disabled, the Current Business Expenses deducted from gross earned income may not exceed Your Prior Business Expenses except as adjusted by this rider.

**Current Index Month**
Current Index Month means the anniversary of the Original Index Month immediately preceding the Review Date.

**Disability or Disabled**
Disability or Disabled is amended to also include Residual Disability or Residually Disabled.

**Loss of Income Indemnity**
The Loss of Income Indemnity is the amount that We will pay each month for the first 12 months that You are eligible for a Residual Disability benefit in the same claim.

**Original Index Month**
Original Index Month means the calendar month 90 days before the date on which You were first Disabled in the same claim.

**Prior Business Expenses**
Prior Business Expenses means Your average monthly Business Expenses for the same period in which Your Prior Income is determined.

**Residual Disability or Residually Disabled**
Residual Disability or Residually Disabled means that You are Gainfully Employed and are not Totally Disabled under the terms of the Policy but, solely because of Sickness or Injury, Your Loss of Income is at least 15% of Your Prior Income.

**Residual Indemnity**
Residual Indemnity means the amount We will pay each month if you continue to be Residually Disabled in the same claim after the Loss of Income Indemnity has been paid for 12 months. It is a percentage of the Monthly Indemnity.

**Review Date**
Review Date means the recurrence each year of the date on which You were first Disabled in the same claim.

POLICY 21959960

FORM **** R110 ******

1502-ER (04/09) OH

## PROVISIONS RELATING TO RESIDUAL DISABILITY

**Residual Disability Benefit**
When You are Residually Disabled, We will pay a monthly benefit as follows:

- You must become Disabled while the Policy is in force.
- You must satisfy the Elimination Period.
- After You have satisfied the Elimination Period, a Residual Disability benefit will be payable at the end of each month while You are Residually Disabled.

For each month of the first 12 months that You are eligible for a Residual Disability benefit in the same claim, We will pay a Loss of Income Indemnity. The Loss of Income Indemnity is equal to Your Loss of Income less any individual disability insurance benefits You are receiving, or that You are eligible to receive, from Us and all other insurance companies, on policies that are in force on or before the Effective Date of this rider. In no event will the Loss of Income Indemnity exceed Your Monthly Indemnity.

If you continue to be Residually Disabled in the same claim after the Loss of Income Indemnity has been paid for 12 months, We will pay a Residual Indemnity. The Residual Indemnity will be payable monthly and will be a percentage of the Monthly Indemnity.

Residual Indemnity will be determined by the formula (a) divided by (b) multiplied by (c), where:

- (a) is Your Loss of Income for the month in which You are Residually Disabled; and
- (b) is Your Prior Income; and
- (c) is the Monthly Indemnity.

If Your Loss of Income is more than 75% of Prior Income in any month of Residual Disability while Residual Indemnity is payable, We will deem such loss to be 100%.

We will not increase the Residual Disability benefit because You are Disabled from more than one cause at the same time.

**Recovery**
Even if You have recovered from the Sickness or Injury that caused Residual Disability, We will continue to consider You Residually Disabled so long as Your Loss of Income is still at least 15% of Your Prior Income and such Loss of Income is solely because of Sickness or Injury.

**Adjustment of Prior Income and Prior Business Expenses Due to Inflation for Computing Your Loss of Income**
On the Review Date while benefits are payable, We will adjust Your Prior Income and Prior Business Expenses for the next 12 months to reflect any changes in cost of living since the start of claim. We will compute the adjusted Prior Income and Prior Business Expenses by multiplying each by the actual percentage change in the CPI-U between the Current Index Month and the Original Index Month. The adjusted Prior Income and adjusted Prior Business Expenses will apply to the 12-month period that follows the Review Date and will be used to determine Your Loss of Income.

The adjustment to Prior Income and Prior Business Expenses may vary from year to year as the CPI-U rises or falls in relation to the Original Index Month. We will make no change that would reduce Prior Income or Prior Business Expenses below what they were at the start of claim.

We will adjust the Prior Income and Prior Business Expenses on each Review Date until the first of the following events occurs:

- the Benefit Period ends; or
- this rider terminates.

1502-ER (04/09) OH

**Proof of Loss**
In addition to any Proof of Loss required by the Policy, You must provide Us with written Proof of Loss necessary to establish that Your Loss of Income is solely the result of Your Disability.

**Premium and Renewal**
The premium for this rider is shown in the Schedule Page. You may not renew this rider after the Expiration Date of the Policy.

**TERMINATION**

**Termination of the Residual Disability Benefit**
Benefits for Residual Disability will no longer be payable on the date that the first of the following events occurs:

- You are no longer Residually Disabled; or
- Your Loss of Income is no longer solely the result of Injury or Sickness; or
- the first month in which Your Loss of Income is less than 15% of Your Prior Income; or
- the Benefit Period ends; or
- You become Totally Disabled; or
- this rider terminates.

**Berkshire Life Insurance Company of America**

Secretary

POLICY 21959960

FORM **** R10C ******

1502-ER (04/09) OH

Berkshire Life Insurance Company of America
700 South Street
Pittsfield, MA 01201

## CATASTROPHIC DISABILITY BENEFIT RIDER

This rider is a part of the Policy to which it is attached. All provisions of the Policy apply to this rider and remain the same except where We change them by this rider.

The Policy is amended by adding or changing the following provisions:

### DEFINITIONS

**Accumulation Period**
The Accumulation Period for this rider is shown in the Schedule Page. It is a period of consecutive days that begins on the first day that You are Catastrophically Disabled and during which the Elimination Period must be satisfied.

**Activities of Daily Living**
Activities of Daily Living means Bathing, Dressing, Eating, Transferring, Toileting and Continence:

- **Bathing** means the ability to bathe, either in a tub or shower or by sponge bath, with or without adaptive devices, including the task of getting into or out of the tub or shower.

- **Dressing** means the ability to put on and take off all items of clothing, and any medically necessary braces, fasteners or other equipment or prosthetic devices You usually wear.

- **Eating** means the ability to get nourishment into Your body by any means, including intravenously or by a feeding tube.

- **Transferring** means the ability to move in and out of a chair or bed with or without equipment such as canes or quad canes, walkers, crutches, grab bars, or other support devices including mechanical or motorized devices.

- **Toileting** means getting to and from the toilet, getting on and off the toilet, and performing associated personal hygiene.

- **Continence** means the ability to maintain control of bowel and bladder function; or when unable to maintain control of bowel and bladder function, the ability to perform associated personal hygiene including caring for a catheter or colostomy bag.

**Catastrophic Disability Adjustment Factor**
Catastrophic Disability Adjustment Factor is equal to 1.03.

**Catastrophic Disability Indemnity**
The Catastrophic Disability Indemnity is shown in the Schedule Page. It is the amount We will pay for each month of Catastrophic Disability.

**Catastrophic Disability Review Date**
Catastrophic Disability Review Date means the recurrence each year of the date on which You were first Catastrophically Disabled in the same claim.

POLICY Z1959960

FORM **** R116 ******

1510-ER (04/09) OH

**Catastrophic Disability or Catastrophically Disabled**
Catastrophic Disability or Catastrophically Disabled means that, due to Injury or Sickness, You are:

- unable to perform two or more of the Activities of Daily Living without Human Standby Assistance; or
- Cognitively Impaired; or
- Irrecoverably Disabled.

**Cognitive Impairment or Cognitively Impaired**
Cognitive Impairment or Cognitively Impaired means You have suffered a severe deterioration or loss in Your cognitive capacity which requires Substantial Supervision to protect You or others from threats to health and safety.

*Substantial Supervision* means the continual supervision by another person that may include physical assistance, cueing by verbal prompting, gestures, or other similar demonstrations.

The Cognitive Impairment must result from Injury, Sickness, Alzheimer's Disease, senility or irreversible dementia, and must be supported by reliable clinical evidence and standardized tests that reliably measure Your impairment in:

- short or long term memory;
- Your orientation as to person (such as who You are), place (such as Your location) and time (such as day, date and year); and
- deductive or abstract reasoning.

**Disability or Disabled**
Disability or Disabled is amended to also include Catastrophic Disability or Catastrophically Disabled.

**Elimination Period**
The Elimination Period for this rider is shown in the Schedule Page. The Elimination Period is the number of days that must elapse before benefits become payable. The Elimination Period starts on the first day that You are Catastrophically Disabled. You must be Catastrophically Disabled from the same cause or a different cause for this entire period. The days within this period need not be consecutive, but they must occur within the Accumulation Period. Benefits will not accrue or be payable during the Elimination Period.

**Human Standby Assistance**
Human Standby Assistance means the presence of another person within arm's reach of You that is necessary to prevent, by physical intervention, injury to You in the performance of an Activity of Daily Living or to provide cueing by verbal prompting to assist You in the performance of an Activity of Daily Living.

**Irrecoverable Disability or Irrecoverably Disabled**
Irrecoverable Disability or Irrecoverably Disabled means that, even if You are Gainfully Employed, Injury or Sickness results in your total, complete, and irrecoverable loss of:

- the sight in both eyes;
- hearing in both ears;
- speech; or
- the use of both hands, both feet, or one hand and one foot, in their entirety.

**Maximum Monthly Catastrophic Disability Indemnity**
Maximum Monthly Catastrophic Disability Indemnity is equal to two times the Catastrophic Disability Indemnity shown in the Schedule Page.

**PROVISIONS RELATING TO CATASTROPHIC DISABILITY BENEFIT**

**Catastrophic Disability Benefit**
When You are Catastrophically Disabled, We will pay the Catastrophic Disability Indemnity as follows:

- You must become Catastrophically Disabled while the Policy is in force.
- You must satisfy the Elimination Period for this rider.
- After You have satisfied the Elimination Period for this rider, the Catastrophic Disability Indemnity will be payable at the end of each month while You remain Catastrophically Disabled.
- Benefits for Catastrophic Disability will stop at the end of the Benefit Period or, if earlier, on the date You are no longer Catastrophically Disabled.

We will not increase the Catastrophic Disability Indemnity because You are Catastrophically Disabled from more than one cause at the same time.

**Cost of Living Adjustment of the Catastrophic Disability Indemnity**
At the end of each 12 months while You are Catastrophically Disabled, We will adjust Your Catastrophic Disability Indemnity as follows:

- On each Catastrophic Disability Review Date, We will determine Your adjusted Catastrophic Disability Indemnity for the next 12 months by multiplying the Catastrophic Disability Indemnity paid immediately prior to the Catastrophic Disability Review Date by the Catastrophic Disability Adjustment Factor;
- the adjusted Catastrophic Disability Indemnity may not exceed the Maximum Monthly Catastrophic Disability Indemnity; and
- benefits for a Catastrophic Disability are not subject to any other cost of living adjustments under the Policy.

**Irrecoverable Disability Benefit**
If You are Irrecoverably Disabled, We will pay benefits as follows:

- We will waive the unexpired portion of the Elimination Period for the Policy and this rider, and benefits start to accrue from the date of Your Irrecoverable Disability; and
- the Catastrophic Disability Indemnity will be paid for as long as your Irrecoverable Disability continues, but not longer than the Benefit Period.

**Premium and Renewal**
The premium for this rider is shown in the Schedule Page. You may not renew this rider after the Expiration Date.

**TERMINATION**

**Termination of the Catastrophic Disability Benefit**
The Catastrophic Disability Indemnity will no longer be payable on the date that the first of the following events occurs:

- You are no longer Catastrophically Disabled; or
- the Benefit Period ends; or
- this rider terminates.

**Berkshire Life Insurance Company of America**

Secretary

POLICY Z1959960

FORM **** R16C ******

1510-ER (04/09) OH

**Berkshire Life Insurance Company of America**
**700 South Street**
**Pittsfield, MA 01201**

## GRADED LIFETIME INDEMNITY FOR TOTAL DISABILITY RIDER

This rider is a part of the Policy to which it is attached. All provisions of the Policy apply to this rider and remain the same except where We change them by this rider.

The Policy is amended by adding or changing the following provisions:

### DEFINITIONS

**Lifetime Indemnity**
The Lifetime Indemnity is the amount We will pay to You each month while You remain continuously Totally Disabled in the same claim after the Expiration Date of the Policy. Lifetime Indemnity is equal to the Monthly Indemnity that was payable for Total Disability in the last month of the Benefit Period multiplied by the Lifetime Indemnity Percentage.

**Lifetime Indemnity Percentage**
Lifetime Indemnity Percentage is determined based upon the following table:

| If Your continuous Total Disability started: | The Lifetime Indemnity Percentage is: |
|---|---|
| Prior to Age 46 | 100% |
| At or after Age 46, but before Age 47 | 95% |
| At or after Age 47, but before Age 48 | 90% |
| At or after Age 48, but before Age 49 | 85% |
| At or after Age 49, but before Age 50 | 80% |
| At or after Age 50, but before Age 51 | 75% |
| At or after Age 51, but before Age 52 | 70% |
| At or after Age 52, but before Age 53 | 65% |
| At or after Age 53, but before Age 54 | 60% |
| At or after Age 54, but before Age 55 | 55% |
| At or after Age 55, but before Age 56 | 50% |
| At or after Age 56, but before Age 57 | 45% |
| At or after Age 57, but before Age 58 | 40% |
| At or after Age 58, but before Age 59 | 35% |
| At or after Age 59, but before Age 60 | 30% |
| At or after Age 60, but before Age 61 | 25% |
| At or after Age 61, but before Age 62 | 20% |
| At or after Age 62, but before Age 63 | 15% |
| At or after Age 63, but before Age 64 | 10% |
| At or after Age 64, but before Age 65 | 5% |
| At or after Age 65 | 0% |

1514-ER (04/09) OH

## PROVISION RELATING TO LIFETIME INDEMNITY

**Lifetime Indemnity Total Disability Benefit**

This rider provides a graded Lifetime Indemnity for Total Disability. We will pay the Lifetime Indemnity at the end of each month during Your continuous Total Disability, for the rest of your life if:

- You become Totally Disabled while the Policy is in force; and
- We paid Total Disability benefits under the Policy until the Expiration Date or the end of the Benefit Period, whichever is later; and
- You remain continuously Totally Disabled in the same claim from the same or directly related cause or causes after the Expiration Date or the end of the Benefit Period, whichever is later; and
- You continue to satisfy all of the terms and conditions of the Policy.

We will not increase the Lifetime Indemnity because You are Totally Disabled from more than one cause at the same time.

This rider does not extend the Benefit Period for the Policy or for any other rider included with the Policy. Lifetime Indemnity will not be payable under this rider for any period for which benefits are payable under the Total Disability Benefit provision of the Policy.

This rider does not extend the Maximum Benefit Period for Mental and/or Substance-Related Disorders as shown in the Schedule Page. No benefits are payable under the Policy or this rider beyond the Maximum Benefit Period for Mental and/or Substance-Related Disorders.

**Proof of Loss**

In addition to any Proof of Loss required by the Policy, You must continue to provide Us with written Proof of Loss necessary to establish that You remain continuously Totally Disabled.

**Premium and Renewal**

The premium for this rider is shown in the schedule page. You may not renew this rider after the Expiration Date of the Policy.

## TERMINATION

**Termination of the Lifetime Indemnity Total Disability Benefit**

Benefits payable under this rider will no longer be payable when the first of the following occurs:

- You are no longer continuously Totally Disabled in the same claim from the same or directly related cause or causes; or
- Your death.

**Termination of this Rider**

This rider will terminate when the first of the following events occurs:

- You attain Age 65 and You are not Totally Disabled; or
- the premium for this rider remains unpaid for more than 31 days; or
- the date of Your written request to terminate this rider; or
- when Lifetime Indemnity is no longer payable.

Berkshire Life Insurance Company of America

Secretary

1514-ER (04/09) OH

THIS IS A DUPLICATE POLICY ISSUED IN LIEU OF LOST POLICY NUMBER Z1959960 ORIGINALLY ISSUED AUGUST 1, 2010.

PITTSFIELD, MASSACHUSETTS
JUNE 5, 2012

BERKSHIRE LIFE INSURANCE COMPANY OF AMERICA

SECRETARY

AA914-B-6-2002

**REDACTED**


GUARDIAN®

☒ **BERKSHIRE LIFE INSURANCE COMPANY OF AMERICA**
Home Office: 700 South Street, Pittsfield, MA 01201
Berkshire Life Insurance Company of America is a wholly owned stock subsidiary of
The Guardian Life Insurance Company of America, New York, NY

☐ **THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA**
Administrative Office: 700 South Street, Pittsfield, MA 01201
(Please check appropriate company(ies). Any insurer checked above is herein referred to as the "Company.")

## Application for Insurance | Part I

Please indicate all insurance applied for with this Part 1 Application and include the appropriate application supplement for each product selected to right.

☒ Individual Disability Insurance
☐ Individual Disability Insurance – Retirement Protection Plus Program
☐ Overhead Expense    ☐ Disability Buy-Out
☐ Business Reducing Term/PayGuard

### I. Proposed Insured Information

| | | |
|---|---|---|
| a. Proposed Insured | *Paula* | *A* | *Habib* |
| | First | Middle Initial | Last Name |
| | Suffix | Previous Last Name | |
| b. Gender | ☐ Male ☒ Female | | |
| c. Social Security Number | ████ 8145 | |
| d. Date of Birth (mm/dd/yyyy) | ████ 1974 | |
| e. Place of Birth | *Canada* | |
| f. Are you a U.S. citizen? | ☒ Yes ☐ No (If no, answer the following questions) | |
| | Visa Type | Visa Duration |
| How long have you lived in the U.S. on a full-time basis? | *28 Years* | |
| | (If residence has not been continuous, give dates, and explain in Remarks and Special Requests.) | |
| Do you expect to remain in the U.S. permanently? | ☒ Yes ☐ No If no, include details: | |

When do you expect to obtain U.S. citizenship or permanent residency?

g. Home Address    *250 Daniel Burnham Square #300*
*Columbus, OH 43215 #300*
(If mailing address is PO Box, include street address as well.)

| | City | State | ZIP |
|---|---|---|---|
| h. How long at this address? | *4 Years* | | |
| i. Telephone Number | *NA* | | |
| | Home Phone Number | | Cell Phone Number |
| j. E-mail Address | | | |

k. If less than 2 years at current address, please furnish previous address:

Address

| City | State | ZIP |
|---|---|---|

DI-2009    Page 1 of 1

**REDACTED**

Application for Insurance | Part 1 | Continued

## 2. Business Information

a. Name of Current Employer

b. Business Address

(If mailing address is PO Box, include street address as well.)

| City | State | ZIP |

Business Phone

Business Website

c. Occupation — *Diagnostic Radiology*

d. Job Title — *Physician*

e. Nature of Business — *Medical Practice*

f. How many years employed with your current employer? — *7-1-2010*

(If less than 2 years, please furnish previous employer below.)

g. Former Employer

Address

| City | State | ZIP |

h. Occupation — *Fellow*

i. Job Title — *Fellow*

j. Nature of Business — *Medical*

## 3. Occupational Information

a. Describe, in order of importance, all duties of your occupation. Include all activities that are performed in connection with the duties of your occupation, including but not limited to travel, sales and supervisory.

| Description of Specific Duties | % of Time Devoted to Each Duty |
|---|---|
| *Diagnostic - Reading Films* | *90%* |
| *Breast Biopsy* | *10%* |

b. Describe exact physical duties of your occupation (lifting, climbing, driving, etc.). If none, so state. — *None*

c. Describe any tools or equipment you use to perform the duties of your occupation. If none, so state. — *needles for biopsy*

**REDACTED**

**Application for Insurance | Part I | Continued**

Page 1

d. If you are a medical doctor or dentist, what percent of your gross income is derived from surgical procedures, such as catheterization, angioplasty, stent placement, pacemaker implant, endoscopy, or other surgical procedure?   _8_ %

e. Is this a home-based occupation?   ☐ Yes  ☒ No

If yes, what percentage of time do you spend working at home?   ___ %

f. Number of years in this occupation   *4 years - residency & fellowship*

g. How many hours per week are you at work in this occupation?   _40_ hours

h. Have you been continuously at work full time performing the usual duties of your occupation for the past six months?   ☒ Yes  ☐ No  If no, explain: ___

i. Do you supervise any employees?   ☐ Yes  ☒ No  If yes, how many? ___

j. Are you a business owner?   ☐ Yes  ☒ No

k. What percentage of the business do you own?   _0_ %

l. What type of business do you own?
☐ Sole Proprietorship  ☐ Partnership  ☐ "S" Corporation
☐ Limited Liability Company (LLC)  ☐ "C" Corporation
☐ Limited Liability Partnership (LLP)
☐ Other: ___

m. Do you plan to change any occupation or employment within the next six months?   ☐ Yes  ☒ No  If yes, provide details: ___

n. Do you have any other part- or full-time jobs, occupations or employment?   ☐ Yes  ☒ No  If yes, provide details: ___

## 4. The Following Questions Apply to the Proposed Insured

(Please provide details in Section 8 Remarks and Special Requests to all "Yes" answers.)

a. Do you plan to reside or travel outside of the U.S.?
(If yes, indicate location, frequency, for work or pleasure, date of departure, length of stay.)   ☐ Yes  ☒ No

b. Do you drive a motor vehicle?   ☒ Yes  ☐ No

█████████ Driver's License State    █████████ Driver's License #

c. Within the past five years, have you been charged with and/or convicted of any motor vehicle moving violations or had your driver's license suspended or revoked? (If yes, details must include date of violation, description of violation and penalty.)   ☐ Yes  ☒ No

d. Within the last 10 years, have you been convicted of a felony, or is such a charge pending against you?   ☐ Yes  ☒ No

e. Have you ever had a professional license suspended or revoked, or is such license under review, or have you ever been disbarred?   ☐ Yes  ☒ No

**Application for Insurance | Part I |** *Continued*                                                   Page 3

| | | |
|---|---|---|
| f. | Within the last three years, have you participated in any of the following, or do you plan in the future to participate in any of the following: piloting any type of aircraft; mountain climbing or rock climbing; scuba diving; hang gliding; parachuting or skydiving; motor vehicle racing; or other hazardous activity? (If yes to any, complete Aviation and/or Avocation Supplement.) | ☐ Yes ☒ No |
| g. | Within the past five years, have you had disability, accident, medical, life or health insurance declined, postponed, modified, rated, cancelled, rescinded, or have you withdrawn a pending application, or had a renewal or reinstatement refused? | ☐ Yes ☒ No |
| h. | Have you used tobacco, nicotine, or any nicotine delivery system in any form in the last 12 months? (If you have quit, date last used: _____ ) | ☐ Yes ☒ No |
| i. | Do you plan to apply for or are you currently applying for any other life, long-term care, disability or accident insurance? (In Section 8 Remarks and Special Requests, include amount applying for and company applying with, and whether this other insurance will be in addition to or in lieu of insurance with Berkshire or Guardian.) | ☐ Yes ☒ No |
| j. | Are you currently a member of, or do you plan on joining, any branch of the United States Military, including the Army, Navy, Air Force, Marine Corps, Coast Guard, National Guard, or any reserve military unit? | ☐ Yes ☒ No |
| k. | Are you currently employed by, or seeking employment with, any company or entity which provides military, paramilitary, or security services outside of the United States? | ☐ Yes ☒ No |
| l. | Have you been alerted to, received orders for, or had any indication of an overseas assignment or active service with any branch of the United States Military, including the Army, Navy, Air Force, Marine Corps, Coast Guard, National Guard, or any reserve military unit? | ☐ Yes ☒ No |
| m. | Have you ever had or been treated for cancer, heart attack, stroke, diabetes, or any disease of the liver, lungs, kidneys, or heart, or any disorder of the back or spine? | ☐ Yes ☒ No |
| n. | Are you currently receiving any medical advice, counseling or treatment for any medical, surgical or psychiatric condition? | ☐ Yes ☒ No |

If questions 4m or 4n are left blank or answered "Yes," no prepayment should be taken and no Conditional Receipt issued.

### Catastrophic Disability Benefit Rider – Complete the following questions if applying for this rider:

| | | |
|---|---|---|
| o. | Have you ever had an injury or sickness that caused a loss of: sight in both eyes; hearing in both ears; speech; or the use of two arms or two legs? | ☐ Yes ☒ No |
| p. | Do you need human assistance of any kind to perform everyday activities such as bathing, continence, dressing, eating, using the toilet or transferring (for example, from the chair to your bed)? | ☐ Yes ☒ No |
| q. | Do you use any special medical equipment or appliances, including but not limited to, a wheelchair, pacemaker, oxygen tank, cane, catheter, or artificial limb? | ☐ Yes ☒ No |
| r. | Have you ever received treatment, attention or advice for memory loss or confusion, Alzheimer's disease, stroke, senility, dementia, loss of speech or comprehension of spoken language? | ☐ Yes ☒ No |

If any question listed in 4o through 4r is answered "Yes," no prepayment should be taken and no Conditional Receipt issued.

**REDACTED**

Application for Insurance | Part I | Continued

## 5. Other Disability Insurance Coverage of the Proposed Insured

a. Do you have disability insurance in force or applied for, or are you eligible for disability insurance within the next 12 months with any company, including Guardian or Berkshire?   ☒ Yes  ☐ No

| Type of Insurance | | Category | Status |
|---|---|---|---|
| OI = Disability Income Insurance | DBO = Buy-Out | IDI = Individual | I = In Force |
| OE = Overhead Expense | KEY = Key Person | STD = Group STD | P = Pending |
| RP = Retirement Protection | RT = Reducing Term | LTD = Group LTD | E = Eligible For |
| | | A = Association | |

| | | | |
|---|---|---|---|
| i. Company Name: | ███████ | | |
| ii. Type of Insurance: | ███████ | | |
| iii. Category: | ███████ | | |
| iv. Status: | ███████ | | |
| v. Date insurance applied for, issued, or eligible for (if known): | ███████ | | |
| vi. Policy Number (if known): | | | |
| vii. Benefit Amount: | ███████ | $ | $ |
| viii. Benefit Period: | ███████ | | |
| ix. Social Insurance Benefit: | ███████ | $ | $ |
| x. Automatic Increase Option: | % | % | % |
| xi. Future Increase Option (amount remaining): | $ | $ | $ |
| xii. Catastrophic Benefit: | $ | $ | $ |
| xiii. Retirement Benefit: | $ | $ | $ |
| xiv. Does employer pay premium and not include it as taxable income to you? | ☐ Yes ☒ No | ☐ Yes ☐ No | ☐ Yes ☐ No |
| xv. If group coverage, is it convertible? | ☐ Yes ☐ No | ☐ Yes ☐ No | ☐ Yes ☐ No |

b. Replacement

| | | | |
|---|---|---|---|
| Is the insurance being applied for replacing this coverage? | ☐ Yes ☒ No | ☐ Yes ☐ No | ☐ Yes ☐ No |
| If yes, amount to be replaced?* | $ | $ | $ |
| Date for coverage to be replaced | | | |

*When issuing any insurance as a result of this application, the Company will rely on the fact that you can and will permanently terminate the coverage as specified above following the delivery of the policy and will not at any time reinstate the coverage. If the coverage is not terminated, benefits under any policy issued based upon this application may be reduced by the amount payable under such existing policies. Further, if the coverage is not terminated, the Company reserves all rights outlined in any policy issued.

Application for Insurance | Part | | Continued

## 6. Personal Financial Information of the Proposed Insured

a. **Earned Income.** Fill in the amounts requested for last year and two years ago using your individual and/or business income tax returns and supporting schedules. *Note:* Do not list income that is not reported to the IRS. Explain in Section 8 Remarks and Special Requests, any significant fluctuations between years. Describe any changes since the end of the most recent calendar year. Put loss amounts in parentheses.

| | Column A Year-To-Date This Calendar Year | Column B Actual Filed Last Calendar Year | Column C Actual Filed Two Calendar Years Ago |
|---|---|---|---|
| 1. Non-owner employee salary, wages and bonus from Form W-2 | | | |
| 2. Business owner salary, wages, and bonus from Form W-2 | $ | $ | $ |
| 3. Sole Proprietor net income (after business expenses) from Form 1040, Schedule C | $ | $ | $ |
| 4. Share of Partnership or Sub-Chapter "S" corporation income (after business expenses) shown on Form 1040 or 1120 "S", Schedule K-1 | $ | $ | $ |
| 5. Other earned income (explain source) | $ | $ | $ |
| 6. Total Earned Income (add lines 1-5) | | | |

b. **Unearned Income.** Unearned income or passive income includes, but is not limited to, income from dividends, capital gains, interest (including tax exempt interest), rentals, royalties, pension plans, retirement plans, alimony, investments, and business interests as an inactive owner.

Is your unearned income more than 10% of total earned income (line 6 above)?  ☐ Yes  ☒ No

| | Column A | Column B | Column C |
|---|---|---|---|
| If yes, indicate the unearned income amounts. | $ | $ | $ |

Sources: _____

c. **Retirement Contributions**

1. Do you participate in a qualified retirement plan such as a 401(k), 403(b), SIMPLE, IRA or profit sharing?  ☒ Yes  ☐ No

| | Column A | Column B | Column C |
|---|---|---|---|
| 2. Total Annual Contribution (including your contribution and employer contributions) | | $ | $ |

3. Do you wish to have this retirement contribution considered as part of your earned income?  ☐ Yes  ☐ No

Application for Insurance | Part 1 | Continued

d. **Net Worth** Does your net worth exceed $6 million? ☐ Yes ☒ No    If yes, itemize net worth below.

Cash, Savings, Stocks, Bonds $

Fair Market Value of your business (excluding good will) $

Personal Property $

Real Estate (excluding primary residence) $

Other $ _____ Explain: _____

e. **Bankruptcy**

Have you ever filed bankruptcy? ☐ Yes ☒ No    ☐ Personal    ☐ Business

If yes, answer the following questions:

(a) *Date bankruptcy filed?*

(b) *Date bankruptcy discharged?*

## 7. Premiums

a. Mode
☒ Annual    ☐ Semiannual    ☐ Quarterly
☐ Automatic payment plan
(Complete the Request for Guard-O-Matic Arrangement form.)
☐ *New Service*    ☐ *Add to My Existing Service*
☐ Monthly (list bill only – not available for all products)
☐ Other:

b. What percentage of premium will be paid by your employer? ☐ None ☒ 100% Other: ____ %

c. If your employer will pay any part of the premium, will it be reportable by you as taxable income? ☒ Yes ☐ No

d. If paid by the proposed insured, is it paid with: ☐ Pre-tax dollars or ☒ After-tax dollars.

e. Send premium notices to: ☐ Residence ☐ Owner's Address ☒ Business
☐ Other:
☒ List Bill
☐ New – Billing Name _____
Common Billing Date _____
☒ Existing Account # 017016

f. Prepayment of Premium
☒ No money has been submitted with this application for proposed insurance.
☐ $ _____ has been submitted with this application for proposed insurance. *If money is submitted when this application is signed, the terms of the Conditional Receipt shall apply if conditions are met.*

g. Is the policy being applied for through an association of which you are a member? *Proof of membership may be required.*
☐ Yes ☒ No
Association Name _____

Application for Insurance | Part I | Continued                                    Page

### 8. Remarks and Special Requests

Provide all details to any "yes" answers, identifying each detail by question number. Include, if applicable,
diagnosis or symptoms, tests performed, dates, types and amounts of medication, length of disability, degree of
recovery, and names and addresses of all physicians, medical or mental health professionals, counselors,
psychotherapists, chiropractors, practitioners or hospitals. Also include in this section any special policy requests
such as specific policy date other than as provided by the terms of this application.

### 9. Amendments or Corrections (For Home Office Use Only)

**REDACTED**



Page 10

**BERKSHIRE LIFE INSURANCE COMPANY OF AMERICA**
Home Office: 700 South Street, Pittsfield, MA 01201
Berkshire Life Insurance Company of America is a wholly owned stock subsidiary of
The Guardian Life Insurance Company of America, New York, NY

## GUARDIAN®

### Income ProVider Disability Insurance Supplement
### to the Application for Insurance

**I. Proposed Insured Information**

a. Proposed Insured   _Paula          A          Habib_
       First          Middle Initial        Last Name

b. Social Security Number   ████ 8145

c. Date of Birth (mm/dd/yyyy)   ████ 1979

**2. Personal Disability Insurance**

a. Case No.

b. Policy Form No.              1500
   Monthly Indemnity         $10,000
   Elimination Period           90
   Benefit Period            to age 67
   Occupational Class           5M

c. **Supplemental Benefits**

☒ Basic Residual Disability              ☐ Enhanced Residual Disability
☐ Modified Own Occupation               ☐ True Own Occupation
☐ 3% Compound Cost of Living Adjustment  ☐ 6% Maximum Cost of Living Adjustment
☒ Catastrophic Disability Benefit    $ 8,000
☐ Additional Monthly Benefit
     Monthly Indemnity       $
     Elimination Period
     Benefit Period
☐ Retirement Protection Plus
     Monthly Indemnity       $
     Elimination Period      ☐ 180 days   ☐ 360 days
     Benefit Period          To Age 65
☒ Other                      _Graded Lifetime Indemnity_

Page 10



GUARDIAN®

☑ **BERKSHIRE LIFE INSURANCE COMPANY OF AMERICA**
Home Office: 700 South Street, Pittsfield, MA 01201
Berkshire Life Insurance Company of America is a wholly owned stock subsidiary of
The Guardian Life Insurance Company of America, New York, NY.

☐ **THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA**
Administrative Office: 700 South Street, Pittsfield, MA 01201

*(Please check appropriate company(ies). Any insurer checked above is
herein referred to as the "Company.")*

## Representations of the Proposed Insured and Owner

Those parties who sign below, agree that:

1. This Application for Insurance (Part 1), Application for Insurance (Part 2 Non-Medical), any required Representations to the Medical Examiner, and any other supplements or amendments to this Application for Insurance will form the basis for, and become part of and attached to any policy or coverage issued and is herein referred to as the "Application."

2. *All of the statements that are part of this Application are correctly recorded, and are complete and true to the best of the knowledge and belief of those persons who made them.*

3. No agent, broker or medical examiner has any right to accept risks, make or change contracts, or to waive or modify any of the Company's rights or requirements.

4. Any misrepresentation or omission, if found to be material, may adversely effect acceptance of the risk, claims payment, or may lead to rescission of any policy that is issued based on this Application.

5. All coverage shown to be discontinued in answer to Question 5b of this application will be permanently terminated on or before the date(s) indicated. If not, it is understood and agreed that the Company reserves all rights outlined in any policy issued. Further, benefits under any policy or coverage issued based on this application may be reduced by the amount payable under such existing policies.

6. The policy date is the date from which premiums are calculated and become due. Except as provided in the Conditional Receipt (if an advance payment has been made and acknowledged and such Receipt issued), no insurance shall take effect unless and until the policy is delivered, the first premium is paid, and there has been no change in the health, the income level, status of employment or occupation of the proposed insured. If disability insurance becomes effective in the manner stated in the Conditional Receipt, the amount of such insurance shall not exceed the limits set forth in such Receipt. If a request is made for coverage to commence as of a specified date, it is understood and agreed that certain rights under the conditional receipt may be waived.

7. Changes or corrections made by the Company and noted in the "Amendments or Corrections" section are ratified by the owner upon acceptance of a policy containing this Application with the noted changes or corrections. In those states where written consent is required by statute or State Insurance Department regulation for amendments as to plan, amount, classification, age at issue, or benefits, such changes will be made only with the owner's written consent.

8. By paying premiums on a basis more frequently than annually, the total premium payable during one year's time will be greater than if the premium were paid annually. That is, the cost of paying annualized periodic premiums will be more than the cost of paying one annual premium.

9. If applying for Disability Buy-Out Insurance, if no written buy-sell agreement is in place, one must be executed before a disability occurs that would qualify for benefits under the policy. Otherwise, the Company will have no liability other than to refund premiums. We will require a written assurance within one year of the policy date that an agreement is in place. If no assurance is received, the policy will be voided and the premiums refunded.

**Any person who knowingly, and with intent to defraud any insurance company or other person, files an application of insurance or statement of claim containing any materially false information or conceals, for the purpose of misleading, information concerning any fact material thereto, commits a fraudulent insurance act, which is a crime, and may also be subject to civil penalties.**

Signed at ___Columbus, OH___   this __7__ day of __July__ __2010__
   City and State         Day     Month    Year

_____       _____
Signature of Proposed Insured        Signature of Applicant/Owner if Other than
                  Proposed Insured

_____
Witness

DI-2009             Signature Page

**REDACTED**

etc

Page 1 of 1

## AMENDMENT TO APPLICATION

This Amendment is made a part of Policy No. Z1959960 to which it is attached and becomes effective on the Policy Date.

It is hereby requested that the application for insurance made to Berkshire Life Insurance Company of America on July 7, 2010 be amended as follows:

Question No. 1c:

   Social Security Number: ████8145"

Question No. 1g:

   ZIP: "43215"

Question No. 6c3:

   Do you wish to have this retirement contribution considered as part of your earned income?: "Yes"

Question No. 7d:

   DELETE: If paid by the proposed insured, is it paid with: "After-tax dollars"

Question No. 8:

   "Insured is also the applicant/owner under this contract."

         **\* \* \* \* \* \* \* \* \* \***

It is agreed that these amendments and declarations are to be taken and considered a part of said application and subject to the representations and agreements therein, and that the said application and these amendments are to be taken as a whole and considered as the basis, and form part of the contract or policy issued thereon.

It is further represented that the statements and answers in said application were complete and true when made and that no changes have occurred which would make said statements and answers incorrect or incomplete as of the present date.

The undersigned declare that a duplicate copy of the foregoing amendment to application is attached to the policy.

Date 8/17/16

*Chandler Habib*

Paula A Habib - Insured

71-A (06/01)

**REDACTED**



Page 19

☒ **BERKSHIRE LIFE INSURANCE COMPANY OF AMERICA**
Home Office: 700 South Street, Pittsfield, MA 01201
Berkshire Life Insurance Company of America is a wholly owned stock subsidiary of
The Guardian Life Insurance Company of America, New York, NY

☐ **THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA**
Administrative Office: 700 South Street, Pittsfield, MA 01201
*(Please check appropriate company(ies). Any insurer checked above is
herein referred to as the "Company.")*

## Application for Insurance | Part 2 Non-Medical

### 1. Proposed Insured Information

a. Proposed Insured: *Paula A Habib*

|First | Middle Initial | Last Name |

b. Social Security Number: ████ 8145

c. Date of Birth (mm/dd/yyyy): ████ *1979*

d. Name of your primary care physician:

If none, check here ☒

*Address of primary care physician* — (If mailing address is PO Box, include street address as well.)

| City | State | ZIP |

*Primary care physician's telephone number*

e. Date and reason last consulted?

f. What treatment or medication was given or recommended?

g. Height: *5* feet *1* inches
Weight: *100* lbs.

h. Weight change past year: ☐ Gain ☐ Loss _____ lbs. ☒ None
*Reason for change:*

**(Please provide details in Remarks and Special Requests for any "Yes" answers.)**

| | |
|---|---|
| i. Have you ever had or been treated for cancer or tumor? | ☐ Yes ☒ No |
| j. In the last 10 years, have you had, been treated for or received a consultation or counseling for: | |
| i. high blood pressure, chest pain or disorder of the heart or circulatory system? | ☐ Yes ☒ No |
| ii. diabetes or disorder of the glands, bone, blood or skin? | ☐ Yes ☒ No |
| iii. complications of pregnancy, infertility, or any disorder of the breasts, reproductive or genital organs, prostate, kidneys, or urinary systems? | ☐ Yes ☒ No |
| iv. hernia, hepatitis, or disorder of the liver, gall bladder, esophagus, stomach, pancreas, spleen, intestines, colon or rectum? | ☐ Yes ☒ No |
| v. arthritis, rheumatism, or disorder of the joints, limbs or muscles? | ☐ Yes ☒ No |

DI-NM-2009        Page 1 of 3

Application for Insurance | Part 2 Non-Medical | Continued                                   Page 26

| | | |
|---|---|---|
| vi. disorder or condition of the back, neck or spine? | | ☐ Yes ☒ No |
| vii. allergy, asthma, sinusitis, emphysema, disorder of the lungs or respiratory system, or sleep apnea? | | ☐ Yes ☒ No |
| viii. epilepsy, stroke, dizziness, headache, muscle weakness or disorder of the brain, or spinal cord? | | ☐ Yes ☒ No |
| ix. disorder of the eyes, ears, nose or throat? | | ☐ Yes ☒ No |
| x. anxiety, depression, nervousness, stress, mental or nervous disorder, or other emotional disorder? | | ☐ Yes ☒ No |
| xi. Chronic Fatigue Syndrome, Fibromyalgia, Epstein Barr Virus or Lyme Disease? | | ☐ Yes ☒ No |
| k. Do you have any loss of hearing or sight, an amputation of any kind, or any physical deformity, impairment or handicap? | | ☐ Yes ☒ No |
| l. Within the past 10 years, have you been diagnosed by or received treatment from a member of the medical profession for Acquired Immune Deficiency Syndrome (AIDS), AIDS Related Complex (ARC), or any deficiency of the immune system such as Human Immunodeficiency Virus? | | ☐ Yes ☒ No |
| m. I. Are you currently taking prescribed medication? | | ☒ Yes ☐ No |
| II. Are you currently taking non-prescription medication? | | ☐ Yes ☒ No |
| n. I. Have you ever used stimulants, hallucinogens, narcotics or any other controlled substance? (If yes, complete the Alcohol and Drug Usage Supplement.) | | ☐ Yes ☒ No |
| ii. Have you ever had or been advised to have counseling or treatment for alcohol or drug use? (If yes, complete the Alcohol and Drug Usage Supplement.) | | ☐ Yes ☒ No |
| o. Are you now pregnant? If yes, expected delivery date: _____ | | ☐ Yes ☒ No |
| p. Within the past five years, have you had a sickness or injury for which you have made a benefits claim or for which you will make a benefits claim? | | ☐ Yes ☒ No |
| q. Within the past five years, have you had a physical exam or check-up of any kind? | | ☒ Yes ☐ No |
| r. Within the past five years, have you been advised to have surgery or any diagnostic tests that were not performed, except for HIV tests? | | ☐ Yes ☒ No |
| s. Within the past 12 months, have you had symptoms of any condition listed in this Section 1, except those conditions listed in question 1.i., for which you have not sought medical attention or advice? | | ☐ Yes ☒ No |
| t. Other than as previously stated on this application, in the last five years have you received medical advice or counseling from physicians, medical or mental health professionals, counselors, psychotherapists, chiropractors, or other practitioners, or have you been a patient in a hospital, clinic, sanatorium, or other medical facility? | | ☐ Yes ☒ No |
| u. Do you have a family history of: diabetes, cancer, high blood pressure, heart disease, Huntington's Disease, mental illness or suicide? | | ☐ Yes ☒ No |

| | Age if Living | Cause of Death | Age at Death |
|---|---|---|---|
| FATHER | 61 | | |
| MOTHER | 56 | | |
| BROTHERS and SISTERS | 28 | | |
| No. Living _____ 1 | | | |
| No. Dead _____ | | | |

DI-NM-2009                                 Page 2 of 3

**REDACTED**

Application for Insurance | Part 2 Non-Medical | *Continued*

Page 22

## 2. Remarks and Special Requests

**DETAILS OF "YES" ANSWERS, IDENTIFY QUESTION & NUMBER.**
Give diagnosis or symptoms, tests performed, dates, types and amounts of medication, length of disability, degree of recovery, and names and addresses of all physicians, medical or mental health professionals, counselors, psychotherapists, practitioners or hospitals. Additional paper may be attached if necessary to explain details.

*m ▮▮▮▮▮▮▮▮*

*8 ▮▮▮▮▮▮▮▮▮▮*

I understand and agree that the statements and answers in this Application for Insurance (Part 2 Non-Medical) are written as made by me; to the best of my knowledge and belief are full, complete and true; and that they shall be a part of the contract of insurance, if issued.

Any person who knowingly, and with intent to defraud any insurance company or other person, files an application of insurance or statement of claim containing any materially false information or conceals, for the purpose of misleading, information concerning any fact material thereto, commits a fraudulent insurance act, which is a crime, and may also be subject to civil penalties.

Signed at _Columbus, OH_    this _6_ day of _July_ _2010_
     City and State            Day        Month       Year

_____      _____
         Witness                  Signature of Proposed Insured

**REDACTED**



**GUARDIAN**

Life Customer Service Office
3900 Burgess Place
Bethlehem, PA 18017

Disability Customer Service Office
700 South Street
Pittsfield, MA 01201

☐ THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA
☐ THE GUARDIAN INSURANCE & ANNUITY COMPANY, INC.
☒ BERKSHIRE LIFE INSURANCE COMPANY OF AMERICA
(Please check appropriate company(ies). Any insurer checked above
is herein referred to as the "Company.")

## Representations to the Medical Examiner (Part 2)

This application is to be attached to and made part of the policy.

### PROPOSED INSURED INFORMATION

Please print:

1a. First Name *Paula*    MI *A*    Last Name *Habel*

b. Date of Birth (mm/dd/yyyy) ███ *1979*

c. Name and Address of your personal physician. If none, so state.
   *None*

d. Date and reason last consulted_____

e. What treatment or medication was given or recommended?_____

f. Weight change past year: ☐ Gain    ☐ Loss    *∅*    lbs.
   Reason for change:_____

(If you answer "Yes" to questions 2-15, provide details in item #16 on the next page.)

|   |   | Yes | No |
|---|---|-----|----|
| 2. | Have you ever had or been treated for cancer or tumor? | ☐ | ☒ |
| 3. | In the last ten years, have you had, been treated for or received a consultation or counseling for: | | |
| i. | high blood pressure, chest pain or disorder of the heart or circulatory system? | ☐ | ☒ |
| ii. | diabetes or disorder of the glands, bone, blood or skin? | ☐ | ☒ |
| iii. | complications of pregnancy, infertility, or any disorder of the breasts, reproductive or genital organs, prostate, kidneys, or urinary systems? | ☐ | ☒ |
| iv. | hernia, hepatitis, or disorder of the liver, gall bladder, stomach, pancreas, spleen, intestines or rectum? | ☐ | ☒ |
| v. | arthritis, rheumatism, or disorder of the joints, limbs or muscles? | ☐ | ☒ |
| vi. | disorder or condition of the back, neck or spine? | ☐ | ☒ |
| vii. | allergy, asthma, sinusitis, emphysema, disorder of the lungs or respiratory system, or sleep apnea? | ☐ | ☒ |
| viii. | epilepsy, stroke, dizziness, headache, or disorder of the brain, or spinal cord? | ☐ | ☒ |
| ix. | disorder of the eyes, ears, nose or throat? | ☐ | ☒ |
| x. | anxiety, depression, nervousness, stress, mental or nervous disorder, or other emotional disorder? | ☐ | ☒ |
| xi. | Chronic Fatigue Syndrome, Fibromyalgia, Epstein Barr virus or Lyme Disease? | ☐ | ☒ |
| 4. | Do you have any loss of hearing or sight, an amputation of any kind, or any physical deformity, impairment or handicap? | ☐ | ☒ |
| 5. | Within the past ten years, have you been diagnosed by or received treatment from a member of the medical profession for Acquired Immune Deficiency Syndrome (AIDS), AIDS Related Complex (ARC), or any deficiency of the immune system such as Human Immunodeficiency Virus? | ☐ | ☒ |
| 6. i. | Are you currently taking prescribed medication? | ☐ | ☒ |
| ii. | Are you currently taking non-prescription medication? | ☐ | ☒ |

C-MED-2003



IMNB00000000240201

|     |     |     | Yes | No |
|-----|-----|-----|-----|-----|
| 7.  | i.  | Have you ever used stimulants, hallucinogens, narcotics or any other controlled substance? | ☐ | ☑ |
|     | ii. | Have you ever had or been advised to have counseling or treatment for alcohol or drug use? (If yes, complete the Alcohol and Drug Usage Supplement.) | ☐ | ☑ |
| 8.  |     | Are you now pregnant? If yes, expected delivery date: _____ | ☐ | ☑ |
| 9.  |     | Within the past five years, have you had a sickness or injury for which you have made a benefits claim or for which you will make a benefits claim? | ☐ | ☑ |
| 10. |     | Within the past five years, have you had a physical exam or check-up of any kind? | ☑ | ☐ |
| 11. |     | Within the past five years, have you been advised to have surgery or any diagnostic tests that were not performed, except for HIV tests? | ☐ | ☑ |
| 12. |     | Within the past 12 months, have you had symptoms of any condition listed, except those conditions listed in question 5, for which you have not sought medical attention or advice? | ☐ | ☑ |
| 13. |     | Other than as previously stated on this Representations, in the last five years have you received medical advice from physicians, medical or mental health professionals, counselors, psychotherapists, or other practitioners, or have you been a patient in a hospital, clinic, sanatorium, or other medical facility? | ☐ | ☑ |
| 14. | i.  | Have you smoked cigarettes in the past 24 months? (If you have quit, date last used: _____) | ☐ | ☑ |
|     | ii. | Have you used tobacco in any form in the last 12 months? If "No," have you used tobacco in any form in the last 24 months? If "No," have you used tobacco in any form in the last 48 months? (If you have quit, date last used: _____) | ☐ ☐ ☐ | ☑ ☑ ☑ |
|     | iii.| Do you currently use a nicotine patch or nicotine gum? | ☐ | ☑ |
| 15. |     | Do you have a family history of: diabetes, cancer, high blood pressure, heart disease, mental illness or suicide? | ☑ | ☐ |

|                    | Age if Living | Cause of Death | Age at Death |
|--------------------|---------------|----------------|--------------|
| FATHER             | 61            |                |              |
| MOTHER             | 56            |                |              |
| BROTHERS and SISTERS |             |                |              |
| No. Living    1    | 28            |                |              |
| No. Deceased       |               |                |              |

**REDACTED**

16. **DETAILS OF "YES" ANSWERS. IDENTIFY QUESTION & NUMBER. CIRCLE APPLICABLE ITEMS:**
Give diagnosis or symptoms, tests performed, dates, types and amounts of medication, length of disability, degree of recovery, and names and addresses of all physicians, medical or mental health professionals, counselors, psychotherapists, practitioners or hospitals. Additional paper may be attached if necessary to explain details.

10

15.

I understand and agree that the statements and answers in this Representations to the Medical Examiner are written as made by me; to the best of my knowledge and belief are full, complete and true; and that they shall be a part of the contract of insurance, if issued.

Any person who knowingly, and with intent to defraud any insurance company or other person, files an application of insurance or statement of claim containing any materially false information or conceals, for the purpose of misleading, information concerning any fact material thereto, commits a fraudulent insurance act, which is a crime, and may also be subject to civil penalties.

Signed at _Westerville, Oh_ this _23rd_ day of _July_ _2010_
        City and State                               Day            Month          Year

_____                 _____
              Witness                              Signature of Proposed Insured

C-MED-2003