

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| BERKSHIRE LIFE INSURANCE COMPANY OF AMERICA, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 2:12-cv-648-ALM-TPK MARBLEY/KEMP |
| v. | ) ) ) | |
| PAULA A. HABIB, MD, | ) ) | |
| Defendant. | ) | |

## DEFENDANT'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

Defendant, Paula A. Habib, MD ("Habib"), pursuant to Fed R. Civ. P. 12(b)(1), now moves to dismiss the claims alleged by Plaintiff, Berkshire Life Insurance Company of America ("Berkshire").

This Court has no subject matter jurisdiction over these claims. In further support of her motion, Habib states as follows:

### I. Jurisdiction In This Court Is Based on Federal Diversity Jurisdiction

A court cannot consider claims over which it has no jurisdiction. *See Wisconsin Dep't of Corrections v. Schacht*, 524 U.S. 381, 388-389 (1998) (a court must dismiss claims over which it has no jurisdiction). This Court has no jurisdiction over Berkshire's claims, and Berkshire's Complaint should be dismissed.

The plaintiff must demonstrate that the federal courts have subject matter jurisdiction over its claims. *See Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 492 (6th Cir.1999) (holding that a party seeking to bring claims in federal court "carries the

burden of establishing" jurisdiction); *State Auto Fin. Acquisition Corp. v. State Automobile Mut. Ins. Co.*, 289 F. Supp. 2d 906, 909 (S.D. Ohio 2003).

Berkshire has not carried this burden. In fact, Berkshire's own Summons filed on October 2, 2012 [DE# 13], makes it clear that this Court has no jurisdiction over these claims.

## II. Federal Diversity Jurisdiction Requires Complete Diversity

Berkshire alleges that jurisdiction in this Court is based on 28 U.S.C. § 1332, which states that the federal district courts have original jurisdiction over civil action where the matter in controversy exceeds the sum of $75,000 and is between "citizens of different States."

Federal courts have long held that diversity jurisdiction applies only if no plaintiff shares citizenship with any defendant. *See Strawbridge v. Curtiss*, 7 U.S. 267, 267-268 (1806). In *Strawbridge*, the plaintiff filed claims in federal court even though he shared citizenship with all but one of the defendants. *Id.* Chief Justice John Marshall rejected this claim of jurisdiction, holding that if the plaintiff cannot sue each of the defendants in federal court, it can sue none of them in federal court. *Id.*; *see Schacti*, 524 U.S. at 388-389 (1998) (noting that "[a] case falls within the federal district court's 'original' diversity 'jurisdiction' only if diversity of citizenship among the parties is complete, i.e., only if there is not plaintiff and no defendant who are citizens of the same State."); *Caudill v. North Am. Media Corp.*, 200 F.3d 914, 916 (6th Cir. 2000) ("[C]ongressionally conferred diversity jurisdiction has been interpreted to demand complete diversity, that is, that no party share citizenship with any opposing party."); *Coyne*, 183 F.3d at 492

("Diversity jurisdiction attaches only when all parties on one side of the litigation are of a different citizenship for all parties on the other side of the litigation.")

### III. This Court has No Jurisdiction Over Berkshire's Claims

Diversity jurisdiction requires that the plaintiff show complete diversity. *Strawbridge*, 7 U.S. at 267-268. Berkshire's claim of federal jurisdiction is appropriate only if it does not share citizenship with any defendant. However, that is not the case here.

On July 18, 2012, Berkshire filed its action for rescission and declaratory judgment against the Defendant Paula A. Habib, MD ("Habib"). Berkshire seeks to rescind two long-term disability policies (Policy No. Z1959960 and Policy No. Z1959970), which it issued to Habib in or about August 2010 in Ohio. At the time the policies were issued, Habib was working as a diagnostic radiologist and residing in Columbus, Ohio. At the time Berkshire filed its action to rescind the policies; Habib no longer resided in Ohio, but rather, was and currently remains, a citizen and resident of Boston, Massachusetts. Berkshire perfected service on Habib at her residence in Boston, Massachusetts, and, in fact, it itself is incorporated in the Commonwealth of Massachusetts, with its principal place of business in Berkshire County, Massachusetts. *See* [DE# 13]; *See Also* Plaintiff's Complaint ¶ 2. As such, this Court does not have jurisdiction over Berkshire's claims, and these claims should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1).

### IV. Conclusion

As it is clear that Habib is not an Ohio citizen, and, in fact, both Habib and Berkshire are both citizens of the same state, Massachusetts, this Court has no

3

jurisdiction over these claims; and therefore Berkshire's Complaint should be dismissed for lack of jurisdiction.

Dated: November 12, 2012

Respectfully submitted,

PAULA A. HABIB, MD
*Pro Se Litigant*

By *[signature]*
Paula A. Habib, MD
*Pro Se Litigant*
1365 Boylston Street
Boston, MA 02215-3919
Phone: (614) 638-1231
Email: Paulahabib@hotmail.com

4

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by fax and US Mail, this 12th day of November, 2012, to: Ryan P. Sherman, Esq., Porter, Wright, Morris & Arthur LLP, 41 South High Street, Columbus, Ohio 43215.

>Paula A. Habib, MD
>*Pro Se Litigant*
>1365 Boylston Street
>Boston, MA 02215-3919
>Phone: (614) 638-1231
>Email: Paulahabib@hotmail.com
>
>BY: /s/ Paula Habib
>PAULA A. HABIB, MD
>*Pro Se Litigant*